GEORGE P. COLEMAN, *et al.*, v. J. C. JOHNSON;
GEORGE P. COLEMAN, *et al.*, v. JOHN ZIEGLER.

190 So. 11
Division B
Order Entered June 23, 1939

*Homes T. Amis, Willis Sherrill* and *Wm. C. Sherrill,* for
Appellants;

*John Zeigler, A. R. Johnson* and *Joanna Vermilye,* for
Appellees.

PER CURIAM.—The above entitled two cases were con-
solidated in the court below for the purpose of taking
testimony and for entry of final decree. The final decree
appealed from was brought here for consideration on one
transcript of record.

J. C. Johnson was the plaintiff in one of the cases below
and John Ziegler was plaintiff in the other and George P.
Coleman and wife were the defendants in both cases. These
two cases involved two mortgages on the same property.

On March 7, 1939, this Court rendered its opinion and
decision reversing the decree of the lower court and re-
manding the cause for further proceedings not inconsistent
with said opinion. In the mandate which went down, all

the costs were taxed against the appellees without prorating said costs.

On May 30, 1939, J. C. Johnson, Jr., as administrator of the estate of J. C. Johnson, Sr., filed a motion for re-taxing of costs in which he recited that J. C. Johnson, Jr., died on November 5, 1938, and contended that no costs whatever should be assessed against his administrator for two reasons: first that J. C. Johnson died prior to the date the judgment was entered; second, that while it may not have been the legal duty of Coleman to pay the J. C. John-son mortgage out of the $500 going to the two lodges as the purchase price payment on the property, still no cov-enant of warranty in a deed of conveyance given by a mortgagee to a vendee can defeat the right of a mortgagee to subject it to a property mortgage upon a failure of the mortgagor or his heirs or assigns to pay the same. This contention was dealt with in the court's decision on the merits of the appeal.

It is also stated that neither J. C. Johnson, Sr., or his attorney were ever notified of the date set for oral argu-ment in the above entitled cause, nor does the name of the attorney for J. C. Johnson appear in the report of the opinion in said consolidated cause.

Appellee John Ziegler also filed a petition for the re-calling of the mandate and the taxing of the costs against appellant, for various reasons.

The mandate which was handed down in this cause made no provision for prorating the costs in each case but all costs were taxed against the appellees jointly.

Upon consideration of these petitions the Court recalled the mandate for the purpose of consideration of and acting upon said petitions.

Upon consideration thereof it is ordered that the man-date be corrected and amended so as to tax one-half of the

costs incurred in this Court against the appellee J. C. Johnson, Jr., as administrator of the estate of J. C. Johnson, deceased, and the other half against appellee John C. Ziegler, and that the costs of the preparation and making of the transcript of record reasonably incurred shall be taxed in the lower court against the appellees in such proportionate amounts against each appellee as in the opinion of the lower court is equitable and just, so that each appellee shall be liable only for his just share of such costs. This is authorized by Rule 24 of this Court as adopted January 12, 1939.

Done and ordered this 23rd day of June, A. D. 1939.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in order and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.