MELVIN A. McDOWELL v. HALSTED L. RITTER, as Executor of the Last Will and Testament of Wanda MacDowell, Deceased, THE FIRST CHURCH OF CHRIST SCIENTIST, in Boston, Massachusetts, a Massachusetts corporation, and CHRISTIAN SCIENCE BENEVOLENT ASSOCIATION, a Massachusetts non-profit corporation.

13 So. (2nd) 612                              January Term, 1943
May 21, 1943                                  Division A
Rehearing Denied June 10, 1943

*David B. Newsom* and *Boone & Boone,* for appellant.

*Halsted L. Ritter, pro se,* and *Ward & Ward* and *H. F. Ward,* for The First Church of Christ Scientists in Boston, Massachusetts, and Christian Science Benevolent Association, appellees.

TERRELL, J.:

In November, 1939, Wanda MacDowell being the owner of Lot 4, Sunshine Villas in Dade County, executed her will in which she bequeathed said property to her uncle Melvin A. McDowell in the event she predeceased him. In August, 1942, Wanda McDowell executed a new will to said property in which she changed the bequest to Melvin A. McDowell from a fee to a life estate in the event he predeceased her, remainder to the Christian Science Benevolent Association of Massachusetts, operated by the First Church of Christ Scientist of Boston, Massachusetts.

Melvin A. McDowell attempted to probate the first will and resisted probation of the second will but the second will was upheld and was probated as her last will. He then filed the bill of complaint in this suit wherein he set up the foregoing facts and the further fact that he held a mortgage on the devised premises at the time the first will was made which was past due and unpaid in the sum of $4,750 principal and interest and that in consideration of the satisfaction of record of said mortgage the testatrix agreed to and made him the beneficiary in fee of her said property in the first will. The bill prayed that Melvin A. McDowell be decreed to be the owner of the devised premises or in the alternative that he be permitted to vacate the satisfaction of and to foreclose his

mortgage. The chancellor sustained motions to dismiss the bill of complaint and McDowell appealed.

Appellees contend that in view of the fact that the will recited no consideration for its execution that it was revocable in any event, that it contained no showing of any oral agreement for the execution of the satisfaction of the mortgage and that possession of the premises was not offered or tendered to McDowell; there was no agreement in writing to convey and that by the statute of frauds the agreement was void and cannot now be enforced. Butler v. Battle, 138 Fla. 392, 189 So. 846; Miller v. Carr, 137 Fla. 114, 188 So. 103; and Wilson v. Wilson, 132 Fla. 518, 181 So. 385; are relied on to support this contention.

The law is settled that the statute of frauds applies only to executory contracts and has no application to agreements fully performed on both sides. Contracts or agreements to devise property in a given manner may be enforced unless prevented by the Statute of Frauds. Agreements to will property in a given manner are enforceable. Exchange National Bank of Tampa v. Bryan, 122 Fla. 479, 165 So. 685; Naylor v. Shelton, 102 Ark. 30, 143 S.W. 117; Lovett v. Lovett, 87 Ind. App. 42, 155 N.E. 528, 68 C.J. 582-583.

The property in question was the home on which the testatrix lived. The bill of complaint alleges that Melvin A. McDowell held a mortgage on it for a stated amount and that in consideration of a satisfaction of the mortgage, the testatrix would bequeathe it to him in fee. The satisfaction was executed and recorded and the will was made as allegedly agreed. The bill in other words alleges a completed contract to will and the contract on both sides was executed. Appellees do not deny any of these allegations but try to avoid them on the technical ground of the statute of frauds.

The chancellor appears to have been impressed with this contention and granted the motion to dismiss the bill. In this we think he was in error. In our view, the bill and answer should have gone to proof and if the complainant proved the allegations of the bill, his prayer for relief should have been granted.

Other questions argued have been considered but we find

no occasion for the expression of our opinion as to them. The question treated forecloses the matter so the decree appealed from is reversed.

Reversed.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.