81 So.2d 752 (1955)
Sidney L. GROSSMAN, Appellant,
v.
LEVY's, a corporation, Appellee.
Supreme Court of Florida. Division B.
July 27, 1955.
*753 John E. Mathews, Jr., Jacksonville, for appellant.
Reinstine, Reinstine & Panken, Jacksonville, for appellee.
HOBSON, Justice.
The plaintiff prosecutes this appeal from a final judgment dismissing with prejudice his second amended complaint. This complaint and its predecessors were dismissed on motion of the defendant predicated upon the ground that the contract allegedly breached was rendered unenforceable by the Florida statute of frauds, F.S. § 725.01, F.S.A.
The second amended complaint alleged in essence that on October 8, 1952, the plaintiff was employed by defendant, to manage certain departments of its store, under an oral contract providing for an annual salary of $12,000 plus a percentage of net sales. At the end of one year the contract was renewable or terminable at the option of the parties. On October 12, 1952 the plaintiff commenced work, and on October 12, 1953, entered a second year of employment under a one-year renewal contract. He continued to work until December 29, 1953, at which time he was informed that his services were no longer required. Plaintiff had been paid $4,000 under the renewal contract, leaving a balance due of $8,000. Damages were demanded in the sum of $10,000.
The appellant contends that the statute of frauds is applicable neither to the original nor the renewal contract. Appellee's position, reduced to its essentials, is that the original contract was unenforceable under the statute and the renewal contract, which merely purported to revive the unenforceable contract, was fatally infected with the same malady, and must therefore fall with it.
Assuming, without deciding, that the original contract falls within the statute of frauds, it does not follow that it is therefore a nullity, and thus no predicate for the alleged renewal. Our statute of frauds, unlike the statutes of some states, 49 Am. Jur., Statute of Frauds, Sec. 23, does not declare an offending contract to be "void" or "invalid". Nor does it merit this construction, in spite of some casual language in Yates v. Ball, 132 Fla. 132, 181 So. 341. It merely states, so far as is relevant here, that "No action shall be brought whereby * * * to change any person * * * upon any agreement that is not to be performed within the space of one year from the making thereof." (Italics added.) The statute thus pertains exclusively to the remedy. Appellant is not attempting to enforce the original one-year contract, which was to commence several days after it was entered, and might therefore have been offensive to the statute. He is trying to enforce the renewal contract, which was to commence, and did commence, on the day it was allegedly entered, and is therefore not within the terms of the statute. If a contract which offends the statute were absolutely void and a nullity, it could not be held, as it has long been held by this court, that the statute applies only to executory and not to executed contracts. McDowell v. Ritter, 153 Fla. 50, 13 So.2d 612; Summerall v. Thoms, 3 Fla. 298. And the rule of the cases just cited is directly applicable here, because the original contract alleged has concededly been executed on both sides.
*754 It follows that it was error to hold the present action barred by F.S. § 725.01, F.S.A., and that the judgment appealed from must be, and it is hereby, reversed and remanded for further proceedings not inconsistent with this opinion.
DREW, C.J., and THOMAS and THORNAL, JJ., concur.