THORNAL, Justice.
Appellant Hendrick, who was plaintiff below, seeks reversal of a summary final decree dismissing his complaint in a declaratory judgment proceeding whereby he sought to establish himself as owner of one-half of his deceased father’s estate.
The problem to be resolved requires a determination of the binding effect of a compromise and settlement agreement executed by appellant and appellees, McKenna and Edmonston.
*621 In 1923, appellant’s father and mother entered into a property settlement agreement whereby the mother waived all claims against the estate of the father, received custody of two children of the parties, one of whom was appellant, and the father, among other things, agreed that by his last will and testament he would “so provide that upon his death said children shall receive and be entitled to one-half of any and all estate, real, personal and mixed, which he may leave”. Appellant’s sister, the other child who would have participated in the father’s estate, died in 1934. The father of appellant died February 22, 1953, and contrary to the commitment made with his wife in 1923, made little or no provision for appellant in his will and left substantially all of his estate to his two sisters, appellees McKenna and Edmonston.
About two months after the death of his father, the appellant in April, 1953, entered into a comprehensive settlement agreement with his two aunts, appellees McKenna and Edmonston. The agreement recited the complicated nature of the decedent’s estate, the fact that administrations would probably have to be effected in three or more states, the fact that appellant claimed an interest in the estate under the agreement between his mother and father, and that appellees contested his right to participate. It was recited that all of the parties agreed that litigation over the estate would be extremely expensive in both money and time and would prevent settlement of the estate for an interminable period to the prejudice and damage of the estate and the parties, and further that the parties agreed that all present and potential issues between them in regard to the estate should be settled amicably. It was thereupon agreed that appellant would receive $175,000 in addition to certain gratuities from the American and New York Stock Exchanges as his share of the estate, that he would serve as administrator cum testamento annexo in Florida and that his attorneys would serve as attorneys for the estate. It was further agreed that any and all claims against the estate, including estate taxes, would be paid out of the share of the estate that would go to the appel-lees and that no part thereof would be charged against the amount which would go to the appellant.
When the settlement agreement was executed no inventory had yet been filed and the parties did not know the gross value of the estate and obviously had no indication at all as to what its net value would be. Thereafter, in accordance with the agreement, appellees in February, 1954, petitioned the Probate Court for approval of the compromise and authority for the payment of the amount agreed to be paid to appellant. Appellant filed a formal answer to this petition, admitting the agreement, waiving notice of hearing and consenting to the entry of an order granting the prayer of the petition. On April 29, 1954, the compromise and settlement was approved by the Probate Judge under Section 733.21, Florida Statutes.
Thereafter, on May 24, 1954, appellant filed in the Probate Court a motion to vacate the order approving the claim, asserting as his sole reason that such order “may be prejudicial to the rights of David S. Hendrick, III, to prosecute the action pending in the Circuit Court”. In the meantime, the appellant had filed in the Circuit Court his original complaint in the chancery proceeding which is presently before us. The County Judge denied the motion to vacate. Plis order of denial was appealed to the Circuit Court and affirmed. The affirming order of the Circuit Court was appealed to this court by the present appellant and the appeal was dismissed without opinion, pursuant to motion of the present appellees, who were appellees in that appeal, grounded on the assertion that the appeal was frivolous. See Hendrick v. Edmonston, Fla.1955, 79 So.2d 294, Case No. 7.
In the Circuit Court proceeding requesting that the compromise and settlement agreement be set aside, appellant recites *622 the background facts summarized above and contends that the settlement agreement with the appellees was executed without consideration for thé reason that when his father died he was a constructive trustee for the benefit of the appellant to the extent of one-half of his estate as of the date of his death in view of the provisions of the 1923 agreement with appellant’s mother, and that inasmuch as the compromise between the appellant and his aunts, the appellees, provided that the money to be paid to the appellant would be paid out of the assets of the estate, such was tantamount to paying appellant out of his own funds and therefore the transaction lacked consideration to support it. Pie further asserts that when he executed the settlement arrangement with his aunts, he labored under a mistake as to his own legal rights in the premises. He requested the Chancellor to declare the settlement agreement inoperative and not binding upon him and to grant him specific performance of the provisions in the 1923 agreement be-. tween his mother and father.
Appellees filed an answer and on motion for summary judgment, the Chancellor recognized the settlement agreement between appellant and his aunts, the appel-lees, as binding and concluded that all questions raised in the chancery suit had been adjudicated by the Probate Judge adversely to the appellant and that there was no genuine material issue to be tried. The summary decree was entered in the suit. Reversal of this decree is sought by this appeal.
Appellant contends that under the 1923 agreement his father was a constructive trustee to the extent of one-half of his estate for the benefit of appellant at the time of the father’s death, that the Probate Judge had no authority to adjudicate the existence or non-existence of a trust and that inasmuch as appellant took a vested interest in his father’s estate upon the death of his father, then the amount which' was to be paid to him out of the estate was actually being paid to him out of his own funds and that such does not constitute valuable consideration for a settlement.
Appellees contend that the whole matter was resolved and adjudicated in the Probate Court, whose judgment was in the ultimate approved by this court and that regardless of all of that the compromise and settlement between appellant and ap-pellees was for a valuable consideration and therefore binding.
We could labor this opinion with many complicated principles of res judicata and collateral attack on judgments of courts of competent jurisdiction. We find, however, no justification for doing so.
We recognize the rule that a contract to make a will is in proper case enforceable. 57 Am.Jur., Wills, Section 168 et seq., and Section 192 et seq.
Although equity will sometimes give relief against the release of an inheritance improvidently made, See Barnett v. Douglas, 102 Old. 85, 226 P. 1035, 39 A.L.R. 188, Annotation page 194, we likewise take cognizance of the established proposition that settlement of disputes and particularly the amicable disposal of family arguments over the settlement of estates is highly favored by courts of equity 16 Am.Jur., Descent and Distribution, Section 145, p. 925; and 3 Pomeroy’s Equity Jurisprudence, 5th Ed., Section 850.
While we have thoroughly considered the able brief supporting appellant’s ingenious argument for reversal of the decree of the Chancellor, we cannot find either in the record or in the authorities cited any support for a conclusion that would justify either the Chancellor or this court in completely disregarding the formal compromise and settlement agreement which, obviously after extensive negotiations, was entered.into in good faith by all parties with advice of counsel and- for a valuable consideration. True it is that ap *623 pellant contends that the advice of his then counsel was legally unsound. However, the record fails to point out any actual mistake of law and certainly there is no allegation of any mistake of fact.
We find nothing in this record to establish an independent equity of any sort that would justify disturbing the settlement agreement. The essence of appellant’s contention is simply that in view of the ultimate determination of the value of the estate, he could or should have settled his claim for a larger amount than he agreed on and he, therefore, wishes to be relieved of his bargain.
We find implicit in the compromise and settlement agreement numerous doubts and potentials for litigation that made it of considerable value and importance to all parties to compromise and settle. The right of appellant to enforce the contract on which he relied was dubious as a matter of law. The extent of the ultimate interest that might vest in the appellant and the monetary value of the interest which he claimed all appeared to be doubtful and uncertain when he agreed to accept a fixed and definite sum for his alleged interest in the estate of his father. When the settlement was made, he readily admitted the potentiality of extensive and expensive litigation over the estate and confirmed in writing his willingness to accept the fixed sum net, free and clear of estate debts and free of obviously substantial estate taxes. This in itself was a valuable consideration. Appellant received a certainty for an uncertainty.
In addition to all of this, shortly after the compromise was approved, appellant himself was appointed administrator cum testamento annexo of the estate and he proceeded to disburse to himself a substantial sum in accord with the compromise agreement. In view of all of these circumstances, it appears to us it would be completely unconscionable to set aside such an arrangement where there is a total lack of showing of any fraud, undue influence, mistake of fact, or any other peculiar circumstances that would justify equitable interference.
We have not overlooked the other questions raised by the appellant. They have been cautiously and carefully evaluated but we find in none of them any basis for reversal.
For the reasons stated the decree of the Chancellor is—
Affirmed.
DREW, C. J., and ROBERTS and THOMAS, JJ., concur.