118 So.2d 592 (1960)
Al MARTEL, Appellant,
v.
Alex E. CARLSON, As Executor of Estate of Charles Knopf, Appellee.
John F. KENNEY, Appellant,
v.
Alex E. CARLSON, As Executor of Estate of Charles Knopf, Appellee.
Nos. 58-764, 58-765.
District Court of Appeal of Florida. Third District.
March 3, 1960.
Rehearing Denied March 24, 1960.
*593 Matthew M. Slepin, Miami, for appellants.
Eugene Tannenbaum, Miami, for appellee.
PEARSON, Judge.
These cases were filed separately in the circuit court and were later consolidated. The parties agreed that the facts in the two cases were identical and that they should be tried simultaneously. The court entered an order on this stipulation and proceeded with the cases as one. At the trial plaintiffs presented their evidence and at the conclusion thereof the court ruled that the plaintiffs had not met the burden of proof and thereupon entered a final decree.
A single final decree was entered, although it was filed in both causes. The final decree provided in part as follows:
"That the Final Decree herein entered is with prejudice to the Plaintiffs and at the cost of the Plaintiffs and that the costs of this action be and they are hereby assessed at $957.16 for which sum the Defendant shall have execution against the Plaintiffs."
The plaintiffs appealed from each of the final decrees and upon motion of the appellee it was provided that only one record on appeal need be filed and that the cases should be argued together. The appellants are represented by the same attorney and have filed a common brief.
The appellants contend first that the trial court erred in refusing to try the causes separately. Secondly, that the court erred in its application of section 90.05, Fla. Stat., F.S.A. (The Dead Man's Statute). Thirdly, that the court erred in excluding certain depositions offered on behalf of the plaintiff. And finally it is argued that the court erred in the procedure employed for the taxation of costs.
The two plaintiffs were each attempting to enforce an alleged promise of the deceased to provide for the plaintiffs in the will of the deceased. The only evidence presented or tendered was to the effect that the deceased recognized his great indebtedness to the appellants for many personal *594 favors and that he intended to provide in his will for each of them to receive $10,000 from his estate. The testimony admitted and the testimony tendered, considered together, fails to establish a contract to make a will.
A person may make a valid contract to leave his property at his death by will, and such contract will be enforceable.[1] Miller v. Carr, 137 Fla. 114, 188 So. 103; Hendrick v. Redfearn, Fla. 1956, 88 So.2d 620. A contract to make certain provisions in a will must have the elements of an ordinary contract. Exchange Nat. Bank of Tampa v. Bryan, 122 Fla. 479, 165 So. 685; McDowell v. Ritter, 153 Fla. 50, 13 So.2d 612. The contract need not be written, and thus may be valid although made orally, Exchange Nat. Bank of Tampa v. Bryan, supra; Miller v. Carr, supra; McDowell v. Ritter, supra; First Atlantic Nat. Bank of Daytona Beach v. Cobbett, Fla. 1955, 82 So.2d 870.[2] In other words the terms of the contract must be set forth with reasonable clarity and it must be shown that the promise was supported by a consideration. In the instant case the most that can be said for the testimony of the plaintiffs and their witnesses is that it tended to establish a declaration of intention on the part of the testator to make a will in a certain manner. This is not sufficient. The proof must be clear, cogent and convincing. Traurig v. Spear, Fla. App. 1958, 102 So.2d 165, 170.
As to the appellant's contention that the court should not have tried the cases together, we hold that they are precluded from arguing this point, inasmuch as they entered into a stipulation to consolidate the cases and such stipulation is binding upon them, unless clearly unreasonable or against sound public policy.
The appellants argue that the court erred in refusing to allow one co-plaintiff to testify in behalf of the other co-plaintiff. This is an attempt to avoid the application of "The Dead Man's Statute" referred to above. It is unavailing because each was seeking to recover under the same promise. However this ruling was not determinative of this appeal inasmuch as we have, as above indicated, reviewed all of the evidence admitted or tendered and find that it would have been insufficient to establish the contract alleged. Upon the same basis of insufficiency of the evidence, the contention that the court erred in excluding certain depositions offered on behalf of the plaintiff need not be pursued.
Upon the question of the taxation of costs we find that the appellant's assignments are well taken. Since the causes were filed separately and were consolidated for trial a joint judgment against the plaintiffs for the total amount of the costs is improper, inasmuch as one plaintiff would thereupon be liable for the entire amount of the costs. It is proper under such circumstances to apportion the costs between the unsuccessful plaintiffs. See Coleman v. Johnson, 138 Fla. 687, 190 So. 11.
The appellee agrees with the appellants that the costs were not taxed in this case upon a motion and hearing. The affidavit of costs on behalf of the defendant showing a claimed expenditure of $344.11, does not reveal that the affidavit was served upon the attorney for the plaintiffs. We therefore find that the record does not support the assessment of costs in the amount of $957.16 against the appellants. There is in the file a "Petition for order to suppress deposition of Elizabeth Roix and for reimbursement of costs, expenses and attorney's fees". This petition is supported by an affidavit setting forth expenses of the executor, who also was acting as his *595 own attorney, in attending the taking of a deposition upon written interrogatories. Before the petition could be granted it would be necessary for the chancellor to determine that the attendance of the attorney for the executor was reasonably necessary for the protection of the defendant's estate. We leave the initial determination of this question to the chancellor.
For the reasons above set forth the decree of the chancellor is affirmed in part and reversed in part and the causes remanded to the chancellor for an assessment of costs in accordance with this opinion.
Affirmed in part, reversed in part and remanded.
HORTON, C.J., and CARROLL, CHAS., J., concur.
NOTES
[1] Caveat  See that part of opinion in Keith v. Culp, Fla.App. 1959, 111 So.2d 278, regarding effect of § 731.051, Fla. Stat., F.S.A., on contracts to make a will
[2] See [1], supra.