CARROLL, CHAS., Judge
(dissenting).
I respectfully dissent from the majority judgment of affirmance. Here the appellant, a mortgagor, failed to pay a principal *259 installment of $1,568 and an installment of interest on a mortgage indebtedness. The note and mortgage provided for certain penalty interest in the event of such a default, saying: “While in default this note and deferred interest payments shall bear interest at the rate of eight per cent, per annum.” And provision was made for acceleration of the mortgage debt in event of default.
Before any foreclosure, the attorneys for the mortgagor and the mortgagee met and agreed upon a basis for restoring the mortgage to good standing. In the course of that settlement, the question arose whether the additional interest was to be applied on the entire unpaid principal balance, or only on the defaulted principal and interest, from the time of default to the time of reinstatement. The mortgagee’s attorney contended for the former, but the mortgagor’s attorney was able to convince him that under the law the latter was the limit of the application of the deferred penalty interest. The difference between the two contentions was approximately $200. The mortgage then was restored to good standing by payment to the mortgagee of the overdue installments of principal and interest, with the penalty interest thereon, and by payment in advance of the next installment of principal and $300 to the mortgagee’s attorney. Thereafter the mortgagee’s attorney confirmed the reinstatement of the mortgage by letter to the attorney for the mortgagor, as follows:
“Re: Edith P. Reiss — Aldan, Inc. mtg.
“Dear Mr. Tatham:
“This is to acknowledge receipt of your letter of September 11th together with check.
“Please be advised that Mrs. Reiss’ mortgage is now reinstated and is in good standing. The next payment due will be the payment of interest due on November 1, 1959.”
Later, through another attorney, the mortgagee made demand on the mortgagor for payment of additional penalty interest on the entire unpaid balance of the mortgage, for the period the default had continued. She then brought this suit to foreclose, and sought acceleration. The court properly denied the attempted acceleration, but committed error in decreeing foreclosure for the additional interest claimed.
The authorized acts of the mortgagee’s agent were binding on her (Thomkin Corp. v. Miller, 156 Fla. 388, 24 So.2d 48, 49), and when her attorney, negotiating in good faith, reached a compromise and settlement of the disputed interest claim, the mortgagee as his sui juris principal could not disclaim that settlement agreement. 11 Am. Jur., Compromise and Settlement, § 31; 12 Am.Jur., Contracts, § 140, note 15 and 20; 3 Corbin on Contracts, § 617, p. 757, (1960). See McGill v. Bison Fast Freight, 245 N.C. 469, 96 S.E.2d 438, 443-44; Schmalzriedt v. Titsworth, 305 Mich. 109, 9 N.W.2d 24, 28; Restatement (Second), Agency, Comment, § 178(a) (1958). Cf. Hendrick v. Redfearn, Fla. 1956, 88 So.2d 620, 623. Moreover, having agreed upon and accepted payment of the defaulted sums and reinstated the mortgage, the mortgagee was in no position to reassert the prior delinquency and foreclose without first having established a right to rescind and rescinded the reinstatement agreement. Corbin, id., §§ 606, 608.
Therefore, I am of the opinion that the chancellor was in error in entertaining the foreclosure suit and in decreeing foreclosure.