RAWLS, Judge.
Plaintiffs have brought this interlocutory appeal from an order striking portions of their complaint.
The complaint alleges that all of the parties, except Charles B. Holley, are children of Bassilio Danese who died intestate in 1943. Danese was survived by his widow, Helen E. Danese, by three children of a former marriage (all plaintiffs) and by five children who are the issue of his marriage with Helen. Two of these are defendants and three are plaintiffs. The plaintiffs alleged that at the death of their father, the widow — in whom all the children had great confidence — entered into an oral family contract by which all eight children were to quit claim to the widow all their interest in the homestead property in exchange for the widow’s making a will leaving all of her real and personal property to the eight children in equal shares. It is alleged that the children performed the terms of the contract, and the widow sold the homestead property using the proceeds to purchase other real or personal property. The complaint further alleges that the widow later married Charles B. Holley and upon her death it was discovered that she had devised all of her property to him “for and during his natural life” with full power to sell, convey and mortgage without accounting, but upon his death any of such property remaining should be distributed equally among the decedent’s five children. The first count alleged that the children were entitled to specific performance and the second count alleged that the estate of Helen E. Holley was unjustly enriched and that the executor holds the proceeds de *668 rived from the children’s interest in the homestead property in trust for all the children.
The sole question is whether the trial court erred in striking four portions of the amended complaint. We find no error in the striking of the first three portions, these being either vague and indefinite, largely repetitive of allegations contained elsewhere, or amounting to nothing more than legal conclusions of the pleader. However, we conclude that the chancellor erred with respect to the fourth portion stricken, that being subparagraph (a) of the prayer for relief by which the plaintiffs seek specific performance of the oral contract.
Plaintiffs contend that specific performance will lie to enforce the terms of an oral contract to devise and bequeath real and personal property where such contract was entered into and performed by one of the parties prior to 1957.[1] Seemingly, the chancellor concluded that plaintiff’s allegations concerning the oral agreement contravened the statute of frauds and, therefore, struck the subject allegations.
A recent decision of this court, Fletcher v. Williams,[2] is decisive of the instant cause. The similarity of the instant complaint to that set forth in the Fletcher case is readily apparent. In the Fletcher case plaintiffs sought a declaratory decree enforcing their rights under an alleged oral agreement whereby plaintiffs agreed to perform certain services for defendant’s decedent in exchange for the latter’s promise to either deed or devise by will certain lands to plaintiffs. The complaint further alleged that the plaintiffs fully performed their part of the agreement, but decedent had failed to perform his part. Plaintiffs prayed that defendants be required to convey the land to them or that plaintiff’s title be quieted against defendants’ claims. This court held that the complaint was sufficient to state a cause of action and that the defense of the statute of frauds is affirmative in nature, not assert-able by motion, but must be pleaded by the defendant so that plaintiff may have the opportunity, if he is able to do so, to file a reply alleging facts which may bring his cause of action within one of the recognized exceptions to the statute of frauds, or otherwise show why the statute is not applicable.
The chancellor is directed to reinstate subparagraph (a) contained in plaintiff’s prayer for relief. The order is affirmed in part and reversed in part.
STURGIS, C. J., and WIGGINTON, J„ concur.

. See Keith v. Culp, 111 So.2d 278 (Fla.App.1st, 1959) which held that F.S. § 731.051, F.S.A. (requiring agreements to make a will devising real or personal property to be in writing) did not apply to agreements performed by one of the parties prior to the enactment of the statute.

. Fletcher v. Williams, 153 So.2d 759 (Fla.App.1st, 1963).