182 So.2d 649 (1966)
MIAMI BEACH FIRST NATIONAL BANK and Gladys Schutz, as Executors of the Estate of Nikoli Miller, deceased, Appellants,
v.
Joseph SHALLECK, Appellee.
No. 65-227.
District Court of Appeal of Florida. Third District.
February 1, 1966.
Rehearing Denied March 1, 1966.
*650 Copeland, Therrel, Baisden & Peterson and Meek Robinette; Frank & Strelkow, Miami Beach, for appellants.
Rothstein & Tumin, Miami, for appellee.
Before TILLMAN PEARSON, BARKDULL and SWANN, JJ.
BARKDULL, Judge.
The appellants, defendants in the trial court, seek review of a final decree rendered by the chancellor ordering them to account to the appellee [who was the plaintiff in the trial court] for certain profits received by the deceased during his lifetime, pursuant to an alleged oral agreement between the appellee and the deceased, whereby the appellee was entitled to receive ten per cent interest in certain patents, machines and processes of the deceased. The alleged agreement was entered into in the State of New York.
The issue being joined by a general denial and the affirmative defense of the statute of frauds, the chancellor first proceeded to try the question of the right to the accounting. Pursuant to procedures as outlined by the appellate courts of this State [see: Manning v. Clark, Fla. 1952, 56 So.2d 521; Cooper v. Fulton, Fla.App. 1959, 107 So.2d 798; Whittle v. Ellis, Fla. App. 1960, 122 So.2d 237, 81 A.L.R.2d 1415], he determined the plaintiff was entitled to an accounting and entered a decree to this effect.[1] He subsequently took an accounting and rendered a final decree in favor of the plaintiffs, and this appeal ensued. The appellants have preserved two points for review.
First, that the chancellor erred in holding that the appellants were required to account to the plaintiff, because he failed to establish by clear and convincing proof the validity of the oral agreement. We find ample, competent and sufficient evidence to support the decree to account rendered by the chancellor; and, finding such, we are required to sustain him. See: Davis v. Levin, Fla.App. 1962, 138 So.2d 351; Rimer v. Mortgage Guarantee Corp., Fla.App. 1964, 168 So.2d 549; Seiff v. Presto Brick Machine Corp., Fla.App. 1964, 168 So.2d 700.
Second, failing to dismiss the complaint when it was evident that the alleged *651 contract in question was of an oral nature and, therefore, unenforceable as not in compliance with the statute of frauds. The appellee responds to this that the contract was executed and, therefore, not within the statute. The Supreme Court of Florida has long held that the statute applies only to executory and not to executed contracts. See: Summerall v. Thoms, 3 Fla. 298; McDowell v. Ritter, 153 Fla. 50, 13 So.2d 612; Grossman v. Levy's, Fla. 1955, 81 So.2d 752. The record on appeal herein contains substantial, competent evidence to sustain the finding that the alleged oral contract involved in the instant case is, in fact, an executed contract. Thus, under Florida law, it would appear the trial court correctly upheld the oral contract.
However, a review of the record reveals that the alleged oral agreement was entered into on or about January, 1953, in the apartment of the deceased, NIKOLI MILLER, located on E. 57 Street, New York, New York. This being the case, the instant suit comes within the holding of Castorri v. Milbrand, Fla.App. 1960, 118 So.2d 563, and the validity of the alleged oral contract is governed by the laws of New York.
An examination of the New York law applicable at the time of the making of the alleged oral agreement, clearly indicates that same would be valid in the State of New York. See: McKinney's Consolidated Laws of New York, c. 24-A, Book 23A, General Obligations of Law; and Personal Property Law, 40 McKinney's Consolidated Laws of New York, c. 41, §§ 1 to 59.
As indicated by the chancellor's decree to account, he personally heard the testimony in this case; had the opportunity to observe the witnesses and their demeanor and, he having made his decision based upon such evidence and same being sufficient to support the plaintiff's cause of action, we are not at liberty [from a cold record] to substitute our judgment for that of the trier of the facts who had the benefit of hearing the live testimony.
Therefore, for the reasons stated above, the final decree here under review is hereby affirmed.
Affirmed.
NOTES
[1] (CAPTION OMITTED)

"This cause coming on to be heard before me at hearing on the issue of the interest of the Plaintiff, JOSEPH SHALLECK, in the shrimp peeling, deveining and processing machines invented, developed and patented by NIKOLI MILLER, Deceased, the court having taken testimony of the witnesses, having observed their demeanor, argument of counsel being heard and the Court being fully advised in the premises, the Court thereupon makes its finding of fact based upon the testimony presented to the Court and the demeanor of the witnesses that during the lifetime of NIKOLI MILLER, Deceased, the Plaintiff, JOSEPH SHALLECK, acquired a ten per cent (10%) interest in the shrimp peeling, deveining and processing machines, patents and processes invented and owned by NIKOLI MILLER, Deceased, and the developments and improvements thereof, in any businesses and corporations formed in relation to the development, manufacture, marketing, leasing and sale thereof, and in any proceeds of the sale or lease of the afore-described machines, patents and processes and their developments and improvements, and businesses and corporations formed in relation thereto, and that at the time of the death of NIKOLI MILLER, Deceased, the Plaintiff, JOSEPH SHALLECK, owned the above stated ten per cent (10%) Interest and thereupon, it is
"ORDERED ADJUDGED and DECREED that this cause shall further proceed to an accounting as to the above described ten per cent (10%) interest held by the Plaintiff, JOSEPH SHALLECK."
* * * * *