311 So.2d 681 (1975)
Raymond A. DIONNE f/d/b/a Ray's Carpets a/K/a Ray's Carpet Company, Appellant,
v.
COLUMBUS MILLS, INC., a Georgia Corporation Duly Authorized to Do Business in Florida, Appellee.
No. 74-1062.
District Court of Appeal of Florida, Second District.
April 23, 1975.
Rehearing Denied May 20, 1975.
*682 Allen J. Levin, Port Charlotte, for appellant.
Robert G. Jacobson, Farr, Farr, Haymans, Moseley & Odom, Port Charlotte, for appellee.
BOARDMAN, Judge.
This is an appeal from an order granting the defendant's/appellee's motion to dismiss the amended complaint.
The appellant's amended complaint contained three counts. Count I of said complaint was based on contractual theory; count II was based on a cause of action known as "Account Stated"; count III alleged a malicious interference with a business relationship. Appellee filed a motion to dismiss. The said motion asserted that count I should be dismissed for noncompliance with the Statute of Frauds; count II should be dismissed for failure to state a cause of action; and, count III should be *683 dismissed for failure to state a cause of action because appellant failed to allege an essential element of intentional interference of a business relationship, to wit: appellant's legal rights under the business relationship. After hearing, the trial court granted the motion to dismiss, dismissing count I and III with prejudice and allowing appellant twenty days to amend count II.
The following section of the said complaint shows the business association of the parties:
4. On or before June 12, 1972, Plaintiff entered into an oral agreement with Defendant to install carpeting for Defendant in houses and buildings being constructed by General Development Corporation[1] in Charlotte County and in other places in the State of Florida, a memorandum of said agreement being attached hereto and marked Exhibit "I-A".[2]
5. At all times pertinent hereto, Plaintiff was performing said installations as an independent sub-contractor under Defendant, who had a contract, the exact nature and extent of which is unknown to Plaintiff, for the furnishing of carpeting to General Development Corporation.
6. Under the terms of his oral agreement with Defendant, Plaintiff was to furnish all materials necessary for such installations, other than the actual carpeting, which was being furnished by Defendant. For such materials Plaintiff was to receive the sum of $1.00 per yard for installation, 35¢ per foot for metal and 75¢ per yard for padding. Defendant was to furnish Plaintiff with sufficient quantities of carpeting to make installations required by General Development Corporation.
7. Plaintiff has made all of the installations requested of him by either COLUMBUS MILLS or General Development Corporation and has submitted regular statements for his services which Defendant COLUMBUS MILLS, INC. has failed, refused and neglected to pay, except for the sum of $3,053.73... .
The memoranda of the respective parties supporting their positions as to the validity of count I are directed primarily to the issue of noncompliance with the Statute of Frauds. Upon consideration thereof, we agree with appellee that the Uniform Commercial Code (Florida Statutes, Chapter 672) is inapplicable to this instant set of facts. The amended complaint alleges, in our opinion, a service contract and not one regarding "goods."
Notwithstanding, it seems clear to us that appellant, in count I, is alleging an executed contract. It is well-established law the Statute of Frauds applies only to executory contracts, not executed contracts. Section 725.01, Florida Statutes. See Miami Beach First National Bank v. Shalleck, Fla.App.3d, 1966, 182 So.2d 649, wherein that court said:
... The Supreme Court of Florida has long held that the statute applies only to executory and not to executed contracts. See: Summerall v. Thomas, 3 Fla. 298; McDowell v. Ritter, 153 Fla. 50, 13 So.2d 612; Grossman v. Levy's, Fla. 1955, 81 So.2d 752... .
It is equally well settled that if a complaint supports a cause of action on any grounds, as count I does here, then it should not be dismissed with prejudice. It is upon the application of this rationale that we hold that the trial court erred in dismissing with prejudice count I of appellant's amended complaint.
*684 After careful study of the allegations contained in count II of appellant's complaint, in light of the case law cited by the parties in their memoranda, we are of the opinion that the allegations failed to support a cause of action for "Account Stated." Therefore, we uphold the circuit court's dismissal of count II with leave to amend for the reason that allegations therein contained did not show the existence of a mutual agreement between the parties.
Count III realleges the allegations contained in count I and then sets forth the grounds relied upon to assert the cause of action for malicious interference with an advantageous business relationship. As we interpret the language of the complaint it does not state a cause of action as presently drafted. It is also quite apparent to us that this count cannot be amended to state a cause of action for the very reason that the party structure is missing, i.e., there is no advantageous business relationship alleged as having existed as between appellant and one other than Columbus Mills which was interfered with. Indeed, the only business relationship allegedly existing is that existing between appellant and Columbus Mills and upon which suit is brought under counts I and II.
Accordingly, we remand to the trial court for further proceedings upon counts I and II of the amended complaint consistent with this opinion.
Affirmed in part; reversed in part.
McNULTY, C.J., concurs.
GRIMES, J., concurs specially, with opinion.
GRIMES, Judge (concurring specially).
I don't think count II is based on a theory of "Account Stated", appellant's assertion to the contrary notwithstanding. It seems to me that what appellant is trying to say is that in the course of purchasing carpet from appellee he was invoiced for certain deliveries which he did not receive and erroneously made payments for the same. Since he is going to have an opportunity to replead, he should be able to stay in court on this count if he can make his allegations more specific.
NOTES
[1] General Development Corporation is not a party to this litigation and appellant is not in privity of contract with the corporation.
[2] Exhibit I-A is a signed letter from appellant to appellee dated June 12, 1974, setting forth the relationship between the parties and the prices enumerated in paragraph 6 of count I of the amended complaint.