PEARSON, Judge.
The plaintiffs, Robert C. Jones and Dennis Reeser, d/b/a Southeast Shelter-Lake-land, Ltd., hereafter “the limited partnership,” appeal a final judgment for the defendant which was entered following a non-jury trial. The complaint was in five counts seeking damages for breaches by the defendant-appellee Howland and another defendant, Marshall, of agreements alleged to exist between them; plaintiffs’ last count sought declaratory relief concerning a claimed dispute between the parties with regard to whether the plaintiffs were obligated to make and tender to the defendants a promissory note in the amount of $130,-000, and to pay to the defendants a $100,000 cash bonus. The final judgment appealed found for the defendant-appellee[1] in the following language:
“This cause was tried before this Court by non-jury trial and on the evidence presented and on that portion of the Memorandum of Law, submitted by counsel for the Defendant, WILLIAM V. HOWLAND, pertaining to Assignments and the Statute of Frauds which this Court hereby adopts as the Court’s stated finding of law, it is thereupon ORDERED AND ADJUDGED that
“The Plaintiffs, ROBERT C. JONES and DENNIS I. REESER, d/b/a SOUTHEAST SHELTER-LAKELAND, LTD., a Florida limited partnership, are not entitled to damages against the Defendant, WILLIAM V. HOWLAND, and that said Defendant shall go forth without day [sic].”
The entire transaction concerned the construction of an office building and the sale thereof.
In August, 1974, defendant-appellee Howland and Thomas L. Marshall, the other defendant, were doing business as Lakeland Professional Center, a Florida general partnership, which owned real property in Lake-land, Florida, upon which an office building was to be constructed. Robert C. Jones and Dennis I. Reeser, as officers and sole shareholders of Southeast Shelter Corporation, a Florida corporation (the “corporation”), negotiated with Howland and Marshall to purchase the office building, together with related facilities and improvements.
On September 23, 1974, Lakeland Professional Center entered into a written agreement to sell the office building to the corporation. The Agreement of Purchase and Sale listed certain pre-conditions to the cor *440 poration’s obligation to close this transaction. Under these pre-conditions, Lakeland Professional Center (the seller) was to execute the following documents to the corporation (the buyer):
a. Guaranty of Lien-Free Completion
b. Break-Even Cash Flow Guaranty
c. Management and Agency Agreement
(Actually, by oral agreement, the documents listed as pre-conditions to the purchase and sale agreement were to be executed to appellant Southeast Shelter-Lake-land, Ltd., the limited partnership, which had been created by the corporation. In other words, as pointed out by the defendant-appellee, the limited partnership was not a party to the agreement and the corporation was not a party to the guaranty documents.)
There is evidence that there was a breach of the guaranty of lien-free completion and the break-even cash flow guaranty. There is also evidence that the limited partnership was also required to pay the 1976 real estate taxes in order to preserve the property. The purchase and sale agreement also specified that the purchaser should tender to Howland and Marshall a $100,000 cash bonus and execute a $130,000 non-recourse promissory note and second mortgage on the property in the event that on or before April 1, 1977, eighty-five percent of the net rentable floor space of the building was leased with an average lease no less than three years in duration and with an average base rental of at least $7.00 per square foot per annum.
The Agreement of Purchase and Sale names the corporation “or its assigns” as the buyer. Plaintiffs allege the Agreement of Purchase and Sale was orally assigned to the limited partnership by the corporation on or about the time of closing.
Economic problems in 1974 adversely affected efforts to consummate the sale of this office building. To avoid foreclosure, the limited partnership elected to take ownership of the office building and the obligations relating to it in 1976. Paragraph 7 of the Management and Agency Agreement states that the limited partnership may record the Warranty Deed given by Lakeland Professional Center to the limited partnership,
“. •. . pursuant to the Agreement of Purchase and Sale dated September 23, 1974, in the event that Manager-Agent [Lakeland Professional Center], as borrower, is in default . . . ”
However, the Agreement of Purchase and Sale makes no reference to the limited partnership and is between only Lakeland Professional Center and the corporation. Nevertheless, Lakeland Professional Center consented to the conveyance and conveyed the office building to the limited partnership on December 31, 1976.
Plaintiffs’ first point on appeal is that the trial court erred in determining the cause upon, the basis of a holding that the oral assignments were void because of the statute of frauds.[2] This holding presents reversible error for several reasons. First, the statute of frauds was not pled as a defense in the cause.[3] See Danese v. Holley, 159 So.2d 667 (Fla. 1st DCA 1964); and Fletcher v. Williams, 153 So.2d 759 (Fla. 1st DCA 1963). Second, it appears from the allegations of the complaint and the evidence before the court that the assignments were fully completed and executed. See *441 McDowell v. Ritter, 153 Fla. 50, 13 So.2d 612 (1943); see also Dionne v. Columbus Milis, Inc., 311 So.2d 681 (Fla. 2d DCA 1975). Third, the defendant-appellee may not raise the statute of frauds as a defense in an effort to void a transaction to which it was not a party or in privity. v/ith any party. See Commercial Union Insurance Company of New York v. Padrick Chevrolet Company, Inc., 196 So.2d 235 (Fla. 4th DCA 1967).
For the reasons above set forth, we have determined that this cause must be returned to the trial court for retrial. In this connection, permission is granted for the filing of' an amended complaint or an amended answer if the parties should so elect.
While we need not discuss the additional points raised by the plaintiffs, we think that attention should be given, upon retrial, to the principle that if the court finds that the plaintiffs stated a good cause for declaratory judgment, the court has the duty to enter a declaration of the rights of the parties in order to afford relief from insecurity and uncertainty with regard to the rights or legal relations of the parties. See Hialeah Race Course, Inc. v. Gulfstream Park Racing Association, 210 So.2d 750 (Fla. 4th DCA 1968); and see Rosenhouse v. 1950 Spring Term Grand Jury, 56 So.2d 445 (Fla.1952), and Trafalgar Developers, Ltd. v. Morley, 305 So.2d 274 (Fla. 3d DCA 1974).
Accordingly, the final judgment is reversed and the cause is remanded with directions to allow such amendments to the pleadings as the parties may desire and to proceed thereafter in accordance with the views herein expressed.
Reversed and remanded.

. By an order of the trial court of June 10, 1977, a Default and Final Judgment entered against defendants Howland and Marshall was set aside with regard to Howland, but remained “. . in full force and effect . . with regard to defendant Marshall.

. The grounds referred to by the court in its final judgment as being . . Memorandum of Law, submitted by counsel for the Defendant . . . ” are that the “. . .alleged oral assignment from Southeast Shelter Corporation to Southeast Shelter-Lakeland, Ltd. to all instruments referred to in this action is a purported assignment of rights under the Purchase and Sale Agreement between Lake-land Professional Center and Southeast and Shelter Corporation, said agreement being a contract to sell land. * * * The alleged assignment was oral and proof thereof is thus barred by the State of Frauds.”

. Defendant-appellee urges that the following language in his eighth affirmative defense should be taken as referring to the statute of frauds:
“The Plaintiffs are estopped from claiming any rights, obligations or damages based on the interrelated documents attached to the Complaint for failure of proper and timely assignment of same.”