# Third District Court of Appeal

## State of Florida

Opinion filed January 07, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-311
Lower Tribunal No. 11-5606
_____

**Allied Shelving & Equipment, Inc.,**
Appellant,

vs.

**National Deli, LLC,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Norma S. Lindsey, Judge.

Liam P. Kelly, for appellant.

Shir Law Group, P.A., and Guy M. Shir and Patrick Dervishi (Boca Raton), for appellee.

Before ROTHENBERG, LAGOA, and EMAS, JJ.

ROTHENBERG, J.

Allied Shelving and Equipment, Inc. ("Allied Shelving") appeals the trial

court's final judgment in favor of National Deli, LLC ("National Deli") on National Deli's breach of contract claim and against Allied Shelving on its counterclaims arising from the same contract. Because the issue presented is a factual one and no trial transcript has been provided, we affirm.

Allied Shelving contracted with National Deli to provide and install a pallet rack system, essentially a series of very large shelves, in National Deli's warehouse. Both parties ended up dissatisfied after the deal was done, and each claimed that the other had materially breached the contract. The trial court found in National Deli's favor on its breach of contract claims and against Allied Shelving on its breach of contract claims. The parties did not opt to have the trial proceedings transcribed, so no transcript has been provided to this Court. Allied Shelving's primary contention on appeal is that the trial court erred by applying the common law of contracts rather than Article II of Florida's Uniform Commercial Code ("UCC").[1]

Article II of the UCC applies only to transactions in goods, see § 672.102, Fla. Stat. (2011); it does not apply to contracts for services, which are governed by the common law. BMC Indus., Inc. v. Barth Indus., Inc., 160 F.3d 1322, 1328 (11th Cir. 1998) (applying Florida law); Dionne v. Columbus Mills, Inc., 311 So.

---

[1] Allied Shelving's remaining arguments on appeal either rely on the premise that the trial court should have applied the UCC or are wholly without merit. We accordingly reject them without further discussion.

2d 681, 683 (Fla. 2d DCA 1975). "Goods" are statutorily defined as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (chapter 678) and things in action." § 672.105(1), Fla. Stat. (2011). The term "services," conversely, is not defined in the UCC, but generally refers to some sort of manual labor or personal utility rather than a physical object that has been sold or purchased. See BMC Indus., 160 F. 3d at 1329-32 (discussing and analyzing various cases that have held a contract to be for either goods or services). If the provision of the pallet rack system is a transaction in goods, best described as the sale of shelving units as Allied Shelving argues, the UCC would apply, and the trial court erred. If, however, the contract for the installation of the pallet rack system is a contract for services, best described as the design, manufacture, and installation of those shelving units, then we must affirm.

Determining whether a contract is for goods or services, however, is not a completely binary choice. Many contracts, commonly referred to as "hybrids," involve transactions for both goods and services. BMC Indus., 160 F.3d at 1329. Whether the UCC or the common law applies to a particular hybrid contract depends on "whether the[] predominant factor, the[] thrust, the[] purpose [of the contract], reasonably stated, is the rendition of service, with goods incidentally involved (e.g., contract with artist for painting) or is a transaction of sale, with

3

labor incidentally involved (e.g., installation of a water heater in a bathroom)." Id. at 1330 (quoting Bonebrake v. Cox, 499 F.2d 951, 960 (8th Cir. 1974) (footnotes omitted)). In such instances, the determination whether the "predominant factor" in the contract is for goods or for services is a factual inquiry unless the court can determine that the contract is exclusively for goods or services as a matter of law. Birwelco-Montenay, Inc. v. Infilco Degremont, Inc., 827 So. 2d 255, 257 (Fla. 3d DCA 2001) (citing BMC Indus., 160 F.3d at 1331).

The contract in this case is clearly a hybrid contract involving goods (the sale of the shelving unit materials) as well as services (the manufacturing and installation of the shelving units). Based on the final order, it appears the trial court determined that the services portion of the contract was the predominant factor in the agreement.[2] Without a trial transcript, we cannot find that the trial court reversibly erred when making this factual finding. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not [sic] properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory."). Accordingly, we affirm the trial court's order in all respects.

---

[2] The trial court did not make specific findings on these points. We can only infer this from the language of the order. And the contract governing this transaction was inexplicably not included in the record.

Affirmed.