PLEUS, Judge.
By amended complaint in the court below appellant, individually and as natural guardian for her three minor children, sought a decree adjudging that one Edward C. Meyer and Lillian Stemple Meyer, both deceased, ,had entered into a contract under the terms of which they had agreed to execute mutual and reciprocal wills; and to enforce said contract on behalf of plaintiff and her said children as third party beneficiaries by declaring subsequent wills of Edward C. Meyer null and of no effect and requiring distribution of his estate in accordance with the provisions of the alleged mutual and reciprocal will dated April 22, 1952 and imposing a trust upon all of his estate so as to enforce such distribution.
Testimony was taken directly by the chancellor except for the depositions of two witnesses and upon conclusion the chancellor wrote an able opinion finding that the evidence on behalf of plaintiffs had not met the test of “clear and convincing proof” as required in such cases and he thereupon entered final decree dismissing the cause with prejudice. From such final decree this appeal was taken by plaintiff.
The decision of the Supreme Court in Simpson v. Ivey, Fla.1953, 67 So.2d 687, is conclusive. It will serve no useful purpose to pass upon numerous assignments of error having to do with the admissibility of certain evidence as violating the hearsay rule or in contravention of the so called “Dead Man’s Statute”, Section 90.05, Florida Statutes 1955, F.S.A. Nor will any useful purpose be served by detailing the testimony. The caution with which a court should receive oral testimony concerning declarations or statements of a testator since deceased; the scrutiny which must be exercised in analyzing such statements when made in the course of loose or casual conversations; and the care necessary to distinguish between words constituting a binding contract and a mere expression of intention were all brought to bear by the chancellor and he was not convinced that sufficient positive facts had been shown to take the matter out of the realm of conjecture and presumption. A most careful reading and analysis of the record convinces us that he was correct and we therefore affirm.
Affirmed.
KANNER, C. J., and ALLEN, J., concur.