111 So.2d 278 (1959)
Raymond L. KEITH, Appellant,
v.
C. Stanley CULP, individually and as Executor under the Will of Blish D. Lee, Deceased, Appellee.
No. A-365.
District Court of Appeal of Florida. First District.
April 9, 1959.
Rehearing Denied May 15, 1959.
*279 Hall, Hartwell & Douglass, Tallahassee, and Curtis Basch, Daytona Beach, for appellant.
Hull, Landis, Graham & French and E.A. Rano, Deland, for appellee.
TILLMAN PEARSON, Associate Judge.
The plaintiff brought a complaint in chancery to declare and enforce his rights under an alleged oral agreement to execute mutual wills. After trial the court entered a final decree dismissing the complaint and this appeal followed.
The chancellor very properly made complete findings of fact. With three of these we are now concerned:
"2. Prior to the execution of the wills by the late Sallie Lee, the late Blish Lee and the plaintiff, copies of which are in evidence in this cause, the affairs of these three parties had become confused and commingled. All of this was settled and straightened out with the assistance of their mutual attorney, which was accomplished prior to the execution of said wills (Vol. III report of Special Examiner, page 8).
"3. The amended complaint alleges: "`* * * an oral agreement was reached whereby each would execute his or her will, leaving the property of said three persons ultimately to the survivor, and that said wills would remain unrevoked until such time as the final survivor received the benefits contemplated in said oral agreement.'
"While the testimony and evidence would indicate an intention of the late Sallie Lee, the late Blish D. Lee and the plaintiff, Raymond L. Keith, to make mutual wills and that the making of such mutual wills was based upon an oral agreement between the parties the plaintiff failed to carry the burden of proving by clear and convincing evidence any agreement of the parties that such wills would remain unrevoked. It is certainly the established rule in Florida that alleged oral agreements to make and keep in effect mutual wills must be proved by clear and convincing evidence. Simpson v. Ivey, [Fla.] 67 So.2d 687; Lashua v. Cooper, [Fla.App.] 97 So.2d 39.

*280 * * * * * *
"5. The late Blish D. Lee and the plaintiff arrived at a settlement of certain property matters between them wholly inconsistent with the alleged oral agreement referred to in the amended complaint to make and keep in effect mutual wills. At page 9 of the transcript of the testimony taken before the Court the plaintiff, in testifying about the house in De Leon Springs in which he resided for many years with the Lee family stated `The three of us lived there from '40 on up to the time of her death, and the time I sold out to Blish in '53.' At page 31 of the transcript of the testimony taken before the Court the plaintiff, with respect to the testimony taken before the Court about writing checks on the account of Blish D. Lee throughout the years, said `I didn't write none after  sometime in '53, I think, is the last check that I wrote on Blish's account.' Other testimony in this case also supports the conclusion that there had been a settlement entered into between the late Blish D. Lee and the plaintiff prior to the departure of the plaintiff for the State of Oregon in the year 1954 with the intent on the part of the plaintiff at the time to make his permanent home in Oregon. Vol. III of report of Special Examiner, page 132, page 136, page 150 and page 157."
A person may make a valid contract to leave his property at his death by will, and such contract will be enforceable. Miller v. Carr, 137 Fla. 114, 188 So. 103; Hendrick v. Redfearn, Fla. 1956, 88 So.2d 620. Such a contract for a testamentary disposition of property is dependent for its validity upon the same elements which govern the validity of any other contract. Exchange Nat. Bank of Tampa v. Bryan, 122 Fla. 479, 165 So. 685; McDowell v. Ritter, 153 Fla. 50, 13 So.2d 612. See also 4 Page, Wills § 1708 (3rd ed. 1941); Sparks, Contracts To Make Wills 22 (1956). The contract need not be written, and thus may be valid although made orally. Exchange Nat. Bank of Tampa v. Bryan, supra; Miller v. Carr, supra; McDowell v. Ritter, supra; First Atlantic Nat. Bank of Daytona Beach v. Cobbett, Fla. 1955, 82 So.2d 870. Plaintiff has the burden to establish the contract, and it must be established by evidence that is clear and convincing. Exchange Nat. Bank of Tampa v. Bryan, supra; Miller v. Carr, supra; Traurig v. Spear, Fla.App. 1958, 102 So.2d 165; Rogers v. Bartley, Fla.App. 1959, 107 So.2d 786. This last rule applies with full vigor to an oral contract to make mutual wills which rule was correctly stated by the chancellor in his findings. Simpson v. Ivey, Fla. 1953, 67 So.2d 687; Lashua v. Cooper, Fla.App. 1957, 97 So.2d 39.
These principles are now subject to a statute enacted by the Legislature of the State of Florida during its 1957 session, which now appears as section 731.051, Fla. Stat., F.S.A.[1] This section provided that all agreements to make a will must be in writing and signed by the party, whose personal representative is to be charged, in the presence of two subscribing witnesses. It appears from the complaint and the evidence before the chancellor that an oral contract to make mutual wills was entered into at a time long prior to the enactment of the statute. It further appears that the contract was performed by at least one of the parties, prior to the enactment of the statute. Therefore the statute has no effect on our decision, notwithstanding that portion of the statute which states that it shall apply to agreements *281 made prior to January 1, 1958. For such part of the statute is clearly violative of § 17, Declaration of Rights, Fla. Const., 25 F.S.A., which prohibits the passage of any law impairing the obligation of contracts. Thus the principles of law concerning oral contracts to make a will, as previously stated, are controlling in the instant case.
The finding by the chancellor that the plaintiff had failed to carry the burden of proving a contract not to revoke the wills would require a holding that a contract to make mutual wills contained two independent parts: (a) a contract to make mutual wills and (b) a contract not to revoke the wills. The mere fact that parties have executed mutual wills does not, of itself, show that the parties had entered into a contract to make such wills. Accord, Hays v. Jones, 122 Fla. 67, 164 So. 841. Mutual wills are ambulatory like other wills, i.e., revocability is an essential element of all wills. Thus it is not the wills, which are made in pursuance of a contract, that are irrevocable, but the contract upon which they are made that stands and may be enforced depending of course upon the attendant circumstances. And this is true even though there is a covenant not to revoke.[2] However, it is equally true that a contract to make mutual wills to bequeath or devise property is valid and enforceable, although a provision "not to revoke" isn't included in its terms. See Simpson v. Ivey, supra; Lashua v. Cooper, supra. Thus the chancellor erred in his conclusion that the plaintiff had the burden of proving a contract not to revoke the wills.
The fifth paragraph of the chancellor's findings suggests the possibility of a bar to the action by "settlement". However, the finding is also susceptible to the interpretation that the parties arrived at a settlement of their respective rights and obligations as to only a portion of the matter or property involved, thus modifying the original contract, but not discharging it. The burden of proof is of course on the defendant to show a discharge of the contract. It is true that the making of a property arrangement in conflict with a portion of the plaintiff's claimed rights under the agreement to make mutual wills may be evidence which would tend to cast doubt upon the existence of the alleged oral agreement to make mutual wills. However, the existence of such an arrangement as to a portion of the property involved is not proof of a full and complete settlement of all rights growing out of an agreement to make mutual wills, if such agreement existed. We therefore conclude that further findings are necessary on this issue, and that the fifth finding of the chancellor, as framed, is not sufficient to constitute a ground for dismissal of the action.
The appellee has urged that even though the findings of the chancellor may be incomplete, the cause should stand dismissed, because it appears as a matter of law that an affirmative defense, that the action was barred by the statute of frauds, was established. It has been determined in Florida that a contract to make mutual wills, which has been partly performed by the execution of the wills and by the death of one of the parties to the contract leaving a will in accordance with the contract, is not unenforceable by reason of the statute of frauds. Miller v. Carr, 137 Fla. 114, 188 So. 103; Berger v. Jackson, 156 Fla. 251, 23 So.2d 265. See also cases cited in Redfearn, Wills and Administration of Estates in Florida 32 (2nd ed. 1946).
One additional contention of the appellee should be decided in the interest of a speedy determination of the cause. It is contended that proof of the marriage of *282 the plaintiff after the date of the alleged contract to make mutual wills and prior to the death of defendant's decedent, relieved defendant's decedent from his promise to make a will in accordance with the alleged agreement. We are unable to accept this argument since in Florida the marriage of a testator, subsequent to the making of a will, does not operate to revoke the will. Section 731.10, Fla. Stat., F.S.A. Thus the will of the plaintiff was still valid although his spouse had certain rights attach to his property by virtue of the marriage.
For the reasons set forth, the decree is reversed, and this cause remanded for further consideration upon the matters set out in this opinion including the taking of additional testimony if the chancellor shall be so advised, and the entry of such amended final decree as the chancellor shall find proper.
Remanded with directions.
WIGGINTON, Acting C.J., and CROSBY, HAROLD B., Associate Judge, concur.
NOTES
[1] "Agreements to make a will, requirements. 

"(1) No agreement to make a will of real or personal property or to give a legacy or make a devise shall be binding or enforceable unless such agreement is in writing signed in the presence of two subscribing witnesses by the person whose executor or administrator is sought to be charged.
"(2) This section shall apply to agreements made on, after or prior to January 1, 1958."
[2] For a discussion on the issue of whether mutual wills, made in performance of a contract to devise or bequeath where there is a provision not to revoke, can be revoked, see the cases and comments in 4 Page, Wills § 1709 (3rd ed. 1941); Sparks, Contracts To Make Wills 9-21 (1956); 97 C.J.S. Wills § 1366(b); 169 A.L.R. 24.