170 So.2d 69 (1964)
Harry L. HAGAN, individually, and as Executor of the Will of Alice L. Hagan, Deceased, Appellant,
v.
Fabiano LARAGIONE, Francesco Laragione, Lila Laragione Olivieri and Teresa Montesano Laragione, Appellees.
No. 5357.
District Court of Appeal of Florida. Second District.
December 18, 1964.
*70 Joseph B. Cofer, of Gibbons, Tucker, McEwen, Smith & Cofer, Tampa, for appellant.
Ronald D. McCall, of Fowler, White, Gillen, Humkey & Trenam, Tampa, for appellees.
SHANNON, Judge.
The defendant takes an interlocutory appeal from an order striking certain defenses appearing in the defendant's answer.
The plaintiffs filed suit for specific performance of an oral agreement to make mutual wills, to which the parties were James E. Mele and his wife, Alice L. Mele. The complaint alleged that some time between 1948 and 1951, or alternatively, on or prior to September 5, 1958, the Meles orally agreed to execute mutual reciprocal wills, and on or about September 5, 1958, they executed mutual wills pursuant to this oral agreement. In this alleged oral contract it was agreed that they would each make the other the sole beneficiary of their respective wills and the survivor would leave the estate to the brothers and sisters of James E. Mele, the plaintiffs in this action. James E. Mele died on August 27, 1960, leaving his entire estate to Alice L. Mele, by virtue of a will dated September 5, 1958. On November 28, 1961, Alice L. Mele remarried, and subsequently executed a will leaving her entire estate to her husband, Harry L. Hagan. On September 2, 1962, Alice L. Mele Hagan died, and after this later will was admitted to probate, the plaintiffs brought the present suit for specific performance of the oral agreement. The question is whether the trial court erred in striking certain defenses raised by the appellant.
Defense #2 states that if there was an oral contract made between 1948 and 1951 it is null and void by virtue of Fla. Stat., Sec. 731.051, F.S.A., which provides:
"(1) No agreement to make a will of real or personal property or to give a legacy or make a devise shall be binding or enforceable unless such agreement is in writing signed in the presence of two subscribing witnesses by the person whose executor or administrator is sought to be charged.
"(2) This section shall apply to agreements made on, after or prior to January 1, 1958."
This statute took effect on January 1, 1958. In Keith v. Culp, Fla.App. 1959, 111 So.2d 278, it was held that this statute was inapplicable to agreements made prior to the enactment of this statute because it would be impairing the obligation of a contract, thus violating Sec. 17, Declaration of Rights, Florida Constitution, F.S.A. This defense was properly stricken.
Defenses #3 and #5 contend that, since this estate consists of a large amount of real property, the enforcing of this alleged oral agreement would be violative of Fla. Stat., Secs. 689.01 and 725.01, F.S.A., which require conveyances or contracts to convey realty to be in writing. The appellees contend that the appellant is estopped from raising the statute of frauds because the appellant's decedent accepted the full benefits of her first husband's will, i.e., the alleged oral agreement has already been partly performed. 37 C.J.S. Frauds, Statute of § 100, provides:
"* * * Also it is immaterial whether or not an agreement to make a joint will or mutual or reciprocal wills is evidenced by a writing sufficient to give it validity under the statute of frauds where the survivor elects to, and does, accept the full benefits accruing to him under the joint will or the will of the other party."
See also 169 A.L.R. 9 and Keith v. Culp, supra. Thus it was not error to strike these defenses.
Defense #4 states that if, as was pleaded in the alternative, the alleged contract was not entered into until 1958, then Fla. Stat., *71 Sec. 731.051, F.S.A., quoted above, is applicable. This contention cannot be sustained. The doctrines of part performance and estoppel enunciated in the last paragraph except this contract from the provisions of Fla. Stat., Sec. 731.051, F.S.A., as well as the other statutes of frauds. Keith v. Culp, supra.
Defense #6 again raises Fla. Stat., Sec. 725.01, F.S.A., and contends that any contract not to be performed within one year is not enforceable unless it is in writing. If a contract is susceptible of being performed in one year and no time is agreed upon for performance, then it is not within the statute of frauds. Yates v. Ball, 1938, 132 Fla. 132, 138, 181 So. 341, and 49 Am.Jur., Statute of Frauds, Sec. 25. Here the parties could both have died before one year had passed leaving the contract fully performed. 169 A.L.R. 40-41.
Defense #7 asserts laches. Alice L. Mele Hagan died on September 2, 1962, and the plaintiffs filed their claim on February 8, 1963, thus this defense was insufficient.
The last defense being questioned on this appeal asserts that Harry L. Hagan is a pretermitted spouse under Fla. Stat., Sec. 731.10, F.S.A., and is thus entitled to a share in the estate of the deceased equal to that which he would have received if she had died intestate. This statute provides:
"When a person marries after making a will and the spouse survives the testator, such surviving spouse shall receive a share in the estate of the testator equal in value to that which such surviving spouse would have received if the testator had died intestate, unless provision has been made for such spouse by marriage contract or unless such spouse is provided for in the will, or unless the will discloses an intention not to make such provision. The share of the estate which is assigned to such pretermitted spouse shall be raised in accordance with the order of appropriation of assets set forth in this law."
The defendant contends that he is entitled to that share which he would have received if his wife had died intestate. In the absence of any children by either marriage his intestate share would be her entire estate, which substantially consists of property left to his deceased wife by her first husband. This contention cannot be sustained. Keith v. Culp, supra, and Tod v. Fuller, Fla. 1955, 78 So.2d 713, presented factual situations somewhat similar to the present case. In those two cases the survivor of the second marriage was the second wife whose claim was contested by the beneficiaries of a contract to make mutual wills executed by the deceased husband and his first wife. It was held in both cases that the second wife was entitled to dower and the remainder of the property would pass to the beneficiaries of the contract to execute mutual wills. In the present case it is the husband making the claim and, of course, he has no right analogous to that of dower. This defense, therefore, was properly stricken. It is not necessary for us to decide what rights the defendant has to property in the deceased's estate which was acquired after the alleged contract between the deceased and her first husband became binding, because the question has not been raised.
Affirmed.
ALLEN, Acting C.J., and WHITE, J., concur.