WILLSON, J. H., Associate Judge.
James E. Mele and Alice L. Mele, both deceased, were husband and wife. No children were born to their marriage. James E. Mele predeceased Alice L. Mele, leaving a substantial estate, which passed to her, without limitation, under the terms of his last will and testament.
On or about November 28, 1961, or fifteen months after the death of James E. Mele, Alice L. Mele married the appellee, Harry L. Hagan. On May 25, 1962, or about six months later, Mrs. Hagan executed a last will and testament leaving her estate, including that which had come from James E. Mele, to Harry L. Hagan. Mrs. Hagan died on or about September 2, 1962.
Appellants are seeking to specifically enforce an alleged oral contract between James E. and Alice L. Mele, in which they purportedly agreed to execute mutual wills, under the terms of which the estate of James E. Mele would eventually pass to appellants: or in the alternative they seek to recover damages for the breach of the contract by Alice L. Mele Hagan, arising from the execution of her last will and testament. The chancellor was in error in finding for the appellees, and we reverse his decree.
The complaint alleged that “Subsequent to January 1, 1948 and prior to the summer of 1951 * * * James E. Mele and Alice L. Mele, entered into an oral contract whereby they agreed between themselves * * * that they would dispose of the assets of their combined estates by executing mutual wills in which each would name the other as the sole beneficiary of his or her estate and in which each would name the plaintiffs as the sole beneficiaries of the estate of the last surviving party to the agreement, and they further agreed that the will each ivould execute would he binding and irrevocable on both, and would not be changed or revoked without the consent of the other.” (Our emphasis). It is further alleged that “On or about September 5, *248 1958, the said James E. Mele and Alice L. Mele executed mutually reciprocal wills, providing for the entire disposition of their combined estates, pursuant to their agreement.” It should he noted that the alleged oral contract was made prior to the adoption of Chapter 57-148, Laws of Florida, 1957, Section 731.051, Fla.Stat, F.S.A., which renders such contracts unenforceable.
After hearing appellants’ evidence —for all practical purposes there was none in behalf of appellee, the chancellor found “that James E. Mele and Alice L. Mele did not enter into an oral contract to make mutually reciprocal wills that would be binding and irrevocable upon both, and that could not be changed or revoked without the consent of the other.” There is no requirement that a contract to execute mutually reciprocal wills be irrevocable. Keith v. Culp, Fla.App., 111 So.2d 278, certiorari denied Fla., 114 So.2d 5. In fact, as the Court points out in that case, wills are essentially ambulatory in their nature, and as such revocable: it is the contract to make the wills that must be irrevocable.
Neither is it necessary that a contract to make mutually reciprocal wills contain a provision against revocation, Keith v. Culp, supra, for, in the absence of some provision to the contrary, no contract is subject to unilateral revocation. The allegation in the complaint that the mutually reciprocal wills should be “binding and irrevocable on both, and could not be changed without the consent of the other” was sur-plusage and should have been so treated by the chancellor.
 Appellants had the burden of establishing the alleged contract by clear and convincing testimony. Miller v. Carr, 137 Fla. 114, 188 So. 103; Simpson v. Ivey, Fla., 67 So.2d 687; First Atlantic National Bank v. Cobett, Fla., 82 So.2d 870; Keith v. Culp, supra. It is true that two of our sister Courts have said that the supporting witnesses must be “disinterested.” Trau-rig v. Spear, Fla.App., 102 So.2d 165; Rogers v. Bartley, Fla.App., 107 So.2d 786. Our Supreme Court has nowhere said' that contracts to make mutually reciprocal' wills must be proved by “disinterested” witnesses, nor do we believe it would make-such an unqualified pronouncement.
Under the rules of the common law all persons interested in the event of a suit were incompetent as witnesses. The test of the witness’ interest was whether he would gain or lose by the direct legal operation and effect of the judgment, or that the record would be legal evidence for or against him in some other action. It must be a present, certain and vested interest,, and not uncertain, remote or contingent. Adams v. Board of Trustees of the Internal Imp. Fund, 37 Fla. 266, 20 So. 266; Shoemaker v. Powers, 78 Fla. 20, 82 So. 751.
Interested witnesses were made-competent to testify by Chapter 1983, Laws-of Florida, 1874, now Section 90.05, Fla-Stat, except in the cases enumerated in the-“Dead Man’s” proviso. This proviso does not preserve the common law rule that an-interested witness is ipso facto incompetent; rather, it enables the parties to the-action, who are in the position set forth in the proviso, to render the witness incompetent by a proper and timely objection.
There is, therefore, no bar to the proof of an oral contract to make mutually reciprocal wills by witnesses who are interested in the outcome of the action, where-no objection is made to their testimony. “Interest”, in the sense that the witness may desire the success of the party calling him, may, however, be taken into consideration: in determining the credibility of his testimony. Horne v. State, Fla., 101 So.2d 864. It goes to the weight of such witnesses’ testimony. Mascarenas v. Johnson, 5 Cir., 280 F.2d 49.
Appellee unsuccessfully challenged' the competency of , appellants’ witness-Frank Rinaldi under the proviso of Section *249 90.05, Fla.Stat, F.S.A., however, the chancellor did remark in his decree that Rinaldi "frankly admitted on the witness stand that he would like to help the plaintiffs.” Ri-naldi’s testimony was not contradicted by any other witness, and it was not contradictory within itself. Neither was it essentially illegal, contrary to natural laws, inherently improbable or unreasonable, opposed to common knowledge, or inconsistent with other circumstances in evidence. It was material, properly admitted, and consisted of facts not opinions. It would be error to wholly disregard or reject it even though he had been an interested party, Brannen v. State, 94 Fla. 656, 114 So. 429; Kinney v. Mosher, Fla.App., 100 So.2d 644. Rinaldi’s friendship for James E. Mele and the appellants, unaccompanied by facts from which adverse conclusion could be drawn, and none appear in the record, does not constitute an impeachment of his veracity. In re Krugle’s Estate, Fla.App., 134 So.2d 860. The chancellor patently misconceived the legal effect of Rinaldi’s testimony.
It has been said, on the authority of Hays v. Jones, 122 Fla. 67, 164 So. 841, that “the mere fact that parties have executed mutual wills does not, of itself, show that the parties had entered into a contract to make such wills.” Keith v. Culp, supra. That case, as we understand it, stands only for the rule that a “joint” will is not a contract for the testamentary disposition of property. The same may be said of mutually reciprocal wills, but it does not follow from either of these cases that their execution would not be evidence of the contract. It would be highly improbable that a husband and wife would execute mutually reciprocal wills without having agreed to do so.
We think the execution of mutually reciprocal wills is strong confirmatory proof that an agreement for their execution was entered into. Ellis v. Wadleigh, 27 Wash.2d 941, 182 P.2d 49; Tigglebeck v. Russell, 187 Or. 554, 213 P.2d 156 and this is true even where the will is revoked. In re Burke’s Estate, 66 Or. 252 134 P. 11; Tigglebeck v. Russell, supra. The chancellor erroneously applied a contrary rule.
There was ample evidence on behalf of appellants, when its legal effect is properly viewed, to require a decree in their favor, and it was error to dismiss their complaint. The final decree is reversed, and the cause remanded, for the entry of a final decree not inconsistent with this opinion.
ALLEN, C. J., and LILES, J., concur.