DREW, Acting Chief Justice.
The petition for writ of certiorari in this proceeding controverts a decision of the District Court, Second District, reversing a final decree for defendant, the petitioner Hagan, in an action against him for specific performance of an alleged oral contract for reciprocal wills.[1]
*290 The material facts are set out at length in the opinion of the appellate court.[2] In brief, the plaintiff Laragiones, residents of Italy, contended that their brother James Mele and his wife Alice, both deceased, entered into an oral contract during their joint lives to make wills in which each would make the other sole heir if surviving, and if not then providing for the estate to go to James’ relatives, the plaintiff Lara-giones. James died leaving such a will under which his estate passed unconditionally to Alice as his surviving widow. She subsequently remarried and the petitioner Hagan is her surviving second husband, beneficiary under a will executed approximately a year before her death in 1962.
In attempting to establish the contract the plaintiffs relied upon the testimony of a New Jersey attorney, Frank Rinaldi, family friend of the plaintiff Laragiones and the decedent Mele. Over objection by defendant the trial court held his testimony admissible under F.S. Sec. 90.05, F.S.A.,[3] but stated in the decree that Rinaldi “frankly admitted on the witness stand that he would like to help the plaintiffs.” His testimony further was that “We may receive compensation. We have been keeping time sheets on this matter and we possibly may expect to be paid a reasonable fee for our time in this matter from our clients, I mean from these people in Europe, [the plaintiff Laragiones] but we have laid out all out of pocket costs to date. * * * ” The chancellor found:
“ * * * It is apparent from all of the testimony of Frank Rinaldi that Mr. Mele was the moving party in arranging for the preparation of both wills and that Alice Mele, although sometimes present when the conversations took place, took little or no part in them. This Court gathers from the testimony of Frank Rinaldi that, at the time, Alice had no objections to the wills as prepared by the Tampa law firm, and that she probably did execute a similar will leaving her estate to her husband, and if he pre-deceased her, then to his heirs. This falls far short of establishing by clear, cogent, and convincing evidence that Alice either knew or understood that she was entering into an agreement to dispose of her estate exactly as set forth in his will; that she could not change, alter, or revoke it, without the consent of her husband.
“Herbert M. Rinaldi, son of Frank, testifies as to conversations about the preparations of the two wills. Most of his testimony related to telephone conversations held with the Tampa law firm, or telephone conversations of his father, which he overheard or in which he participated. Alice took little or no part in them. There were other witnesses, of course, but their combined testimony fails to convince this Court by the quantum of proof required under the law, that Alice made any oral agreement with James that the wills they both would execute would be binding and irrevocable on both and could not be changed or revoked without the consent of the other. * * * ”
The appellate court reversed and ordered a decree for plaintiffs, holding that the *291 chancellor misconceived the legal effect of Rinaldi’s testimony. The opinion states “[t]here is, therefore, no bar to the proof of an oral contract to make mutually reciprocal wills by witnesses who are interested in the outcome of the action * * *. ”[4] Certiorari has been granted in this cause on the basis of conflict with other district court decisions that “the making of such oral contracts or agreements must be established by disinterested witnesses.” [5]
While our review of the cited cases indicates the conflict of opinion to he more of form than substance, we think the decision creates sufficient conflict to warrant our taking jurisdiction and resolving the question.[6] The requirement of proof by disinterested witnesses has not, in our opinion, been expressed as an absolute, unqualified or exclusionary rule, but simply as indicative of the kind of proof which would meet the “clear and convincing” test which the court here concedes has in the past been applied to evidence relied on to establish an oral contract to make a will.
Whether or not the testimony in question in the present case was properly admitted or uncontradicted,[7] we cannot agree with the conclusion of the appellate court that it required the entry of a decree for plaintiff, or that the trial court erred as a matter of law in finding the plaintiff’s evidence insufficient. Weight and credi-, bility were factors peculiarly within the chancellor’s province in this instance, and the record adequately sustains his conclusions set forth above.
Reversed and remanded with directions that the decree of the chancellor be affirmed.
CALDWELL, ERVIN and BARNS (Retired), JJ., concur.
THORNAL, J., concurs in judgment.

. The contract in question was alleged to have been entered into prior to the enactment of F.S. Sec. 731.051, F.S.A., which renders such contracts unenforceable.

. Fla.App., 2nd Dist., 195 So.2d 246.

. “90.05 Witnesses; as affected by interest. — No person, in any court, or before any officer acting judicially, shall be excluded from testifying as a witness by reason of his interest in the event of the action or proceeding, or because he is a party thereto; provided, however, that no party to such action or proceeding, nor any person interested, in the event thereof, nor any person from, through or under whom any such party, or interested person, derives any interest or title, by assignment or otherwise, shall he examined as a witness in regard to any transaction or communication between such witness and a person at the time of such examination deceased, insane or lunatic, against the executor, or administrator, heir at law, next of kin, assignee, legatee, devisee or survivor of such deceased person, * * (e. s.)

. 195 So.2d 246, 248.

. Traurig v. Spear, Fla.App.2nd Dist., 102 So.2d 165; Rogers v. Bartley, Fla.App. 1st Dist., 107 So.2d 786.

. Cf. Sunad, Inc. v. City of Sarasota, Fla., 122 So.2d 611.

.Cf. Brannen v. State, 94 Fla. 656, 114 So.2d 429, 431, cited by the appellate court for comment on arbitrary rejection of undiscredited testimony of an interested witness, in a situation involving the usual rules as to burden of proof.