LILES, Judge.
Appellant, plaintiff in the trial court, alleges that he and appellee entered into an oral agreement on April 1, 1966, whereby appellee in consideration of appellant’s past and future performance as manager of ap-pellee’s business would give appellant ten percent of the stock of said business at the end of the first year and ten percent thereafter until appellant acquired fifty percent of said business. They further orally agreed that at any time appellee died or became inactive in said business that appellant would receive a total of fifty percent of the stock.
Appellee sold the stock to a third party and quit the business in August 1966 without conveying to appellant any of the stock and appellant maintains that he had fully performed his part of the bargain at the time of the sale.
Appellant maintains that since appellee orally agreed to pay him fifty percent of his stock and his moving expenses that he is entitled to damages in this amount.
*650 The trial court dismissed appellant’s complaint on the ground that both counts were barred by the Statute of Frauds. We believe the court erred in dismissing the complaint and we reverse and remand for a new trial.
As to Count One, the jury could have ascertained that the contract was, at its formation, intended to be performed within a year or that it was intended not to be performed within a year as the time for performance was not given. The parties stipulated that the oral contract provided that plaintiff would perform certain services for defendant’s, benefit and in return defendant would compensate plaintiff by giving him ten percent of the stock defendant held in that business at the end of the first year and ten percent thereafter until plaintiff had acquired fifty percent of the stock. From that language the jury could infer that the contract was to be performed over a period of five years.
The contract goes on to provide that if defendant should die or quit the business, plaintiff would be given an amount of stock so as to raise the amount defendant had already given him to fifty percent. From that language the jury could ascertain that if one of the stated conditions occurred even during the first year of plaintiff’s employment that plaintiff would be given a total of fifty percent of the stock and from that infer that the contract was intended to be performed within a year.
Yates v. Ball, Fla.1938, 132 Fla. 32, 181 So. 341, 344, held that:
“[W]hen no time is agreed on for the complete performance of the contract, if from the object to be accomplished by it and the surrounding circumstances, it clearly appears that the parties intended that it should extend for a longer period than a year, it is within the statute of frauds, though it cannot be said that there is any impossibility preventing its performance within a year.” (Emphasis added.)
In any event, it can be said that it does not “clearly appear” that the contract was intended to extend beyond a year and thus be within the Statute of Frauds. Therefore the court erred in not submitting the case to the jury.
Yates, cited supra, also held that one has to show that the contract was not intended to be performed within one year to keep the contract without the Statute of Frauds. There is thus another reason for submitting the case to the jury, i. e., to have the jury decide whether the parties intended the contract be performed within a year.
Hagan v. Laragione, Fla.App.1964, 170 So.2d 69, presents another question for the jury. That case held that if a contract could have been performed within one year it is not within the Statute of Frauds. Thus the jury must decide if the contract could have been performed within a year and then whether or not it was intended to be performed within a year.
Count Two of plaintiff’s complaint alleged that defendant orally agreed to pay plaintiff’s moving expenses to Indiana.
Corbin on Contracts Sec. 194, p. 193, Vol. 1A, 1963 ed. states that, “It is now quite clear that an informal promise may be enforceable by reason of action in reliance on it. * * * ” Furthermore, In re Shirk’s Estate, Kan. 1960, 186 Kan. 311, 350 P.2d 1, and 17 Am.Jur.2d, Contracts Sec. 97 hold that a change of residence at another’s request is a valid consideration for a promise to pay money. It therefore appears that if the contract for moving appellant is proven he is entitled to recover.
For these reasons we reverse and remand for a new trial.
HOBSON, C. J., and MANN, J., concur.