PER CURIAM.
Following rejection by the executors of its claim against the estate of Olive V. Levin, deceased, the plaintiff City of Hope, a non-profit charitable corporation of California, filed this action in the circuit court of Dade County, seeking judgment for *60 $250,000 on the basis of an oral agreement alleged to have been made by the decedent to bequeath $250,000 to the plaintiff claimant to be used in the construction of an addition to a certain hospital in Duarte, California.
With reference thereto the complaint alleged :
“2. That the decedent, Olive V. Lev-in, in the company of her husband, Ben Levin, contracted to bequeath to the plaintiff the sum of $250,000.00. That said sum was to be used in the construction of the out-patient clinic in the new Childrens’ Hospital Building, to be erected in Duarte, California, as an addition to the hospital facilities which the plaintiff now maintains and operates at the same site. In return for the bequest, the said out-patient was to be named in hon- or of Olive and Ben Levin. In reliance upon promises of the deceased, the plaintiff has partially performed its obligations under the aforesaid contract.”
By answer the defendants pointed out ■ that the contract was to be regarded to be oral, in that it was not alleged to be in writing and no copy of written contract was appended as required by Rule 1.130(a) FRCP, 30 F.S.A., and defendants averred the oral contract to make a bequest was unenforceable by virtue of § 731.051(1), Fla.Stat., F.S.A.[1] The defendant executors moved for judgment on the pleadings. Judgment was entered thereon in favor of the defendants, and the plaintiff appealed.
The appellant contends entry of judgment on the pleadings was error in view of an allegation in the complaint of partial performance by plaintiff. The complaint does not show what the claimed part performance was, nor does it show any obligation undertaken or imposed by the contract on the plaintiff City of Hope, which it may or could have performed or partially performed prior to the death of the decedent.
The wording of plaintiff’s claim, as filed in the estate, indicates it relies as part performance on its willingness to accede to the provision or condition of the promised bequest that the intended structure would be named after the decedent and her husband. That position of the appellant is pointless, because the plaintiff was under no obligation to build the addition at its own expense. The proceeds of the bequest were to be used to construct the addition to the hospital, and until the addition should be built there would be nothing to which to give such name.
By dealing thus with the question of whether there was a showing in the complaint of partial performance we do not hold or imply that if there had been partial performance the statutory provision relied on by the defendants would not apply, but rather to show that the argument that partial performance should be regarded as an exception to the statute is without merit because of the absence of any showing of partial performance.
In Hagan v. Laragione, Fla.App.1964, 170 So.2d 69, a man and his wife entered into an oral contract to execute mutual reciprocal wills in which each would make the other sole beneficiary, and in which they agreed that the survivor would leave the estate to the brothers and sisters of the husband. Pursuant thereto the reciprocal wills were made. The husband died and his estate went to the wife. The wife remarried, and, after having received her first husband’s estate by virtue of his will made on the basis of the oral contract under which she then was obligated to will the estate to the plaintiffs, she made another will leaving it to her second husband, Hagan. Thereafter she died, and the parties who according to the said oral agreement would have been her beneficiaries sued for and *61 obtained judgment for specific performance of the oral agreement to that effect. Hagan appealed, contending among other things that the oral agreement involved was unenforceable under § 731.051 Fla. Stat., F.S.A. The court rejected that contention, on the ground that the oral contract was one made prior to the enactment of the statute, which could not be given retrospective effect, citing Keith v. Culp, Fla.App.1959, 111 So.2d 278. Further in the opinion the district court said: “The doctrines of part performance and estoppel enunciated in the last paragraph except this contract from the provisions of Fla.Stat. Sec. 731.051 F.S.A. as well as the other statutes of frauds.” That statement of the district court should be considered in relation to the facts of that case, where there were mutual obligations undertaken by the parties to the contract and where one of the parties thereto was shown to have fully performed. Because of the material differences in the two cases, the Ha-gan case is distinguishable.
No reversible error having been shown, the judgment is affirmed.

. “No agreement to make a will of real or personal property or to give a legacy or make a device shall be binding or enforceable unless such agreement is in writing signed in the presence of two subscribing witnesses by the person whose executor or administrator is sought to be charged.”