HENDRY, Judge.
Appellant, plaintiff below, seeks review of a final judgment rendered against him in a non-jury trial and finding that he was not entitled to specifically enforce an alleged agreement not to revoke the mutual wills of his uncle, and aunt by marriage, Nathan and Emmy Strauss, in which he was named a co-beneficiary with the appel-lee.
After the hearing on this cause, where the major testimony relied on by the appellant was that of the attorney that drafted the wills, the court found:
“This cause having come on for trial without a jury on February 10, 1972, and the plaintiff having presented testimony of witnesses in his behalf, there being no testimony introduced in behalf of the defendant, and counsel for the parties having presented final arguments and this Court having considered such testimony and arguments and being otherwise fully advised in the premises finds as follows:
“1. That Nathan Strauss and Emmy Strauss, each, executed similar Wills bearing date of January 11, 1965.
*31 “2. That Nathan Strauss predeceased Emmy Strauss and that his Will was admitted to probate in the County Judge’s Court of Dade County, Florida.
“3. That Emmy Strauss revoked her Will of January 11, 1965, by her Will of May 7, 1970, which, upon her death, was admitted to probate.
“4. That the Wills of January 11, 1965, have probative matter but are not legally or factually sufficient in and of themselves to establish the existence of an oral agreement or contract obligating either party not to change the provisions of the Wills regarding the beneficiaries thereunder, as set forth in the Wills of January 11, 1965.
“5. That upon consideration of all the testimony and evidence before the Court the Court finds that although Nathan Strauss and Emmy Strauss executed similar Wills on January 11, 1965, with regard to beneficiaries of said Wills they did not enter into any contract which bound either party not to change the beneficiaries of said Wills at a subsequent date to January 11, 1965.
“Upon consideration, it is
“ORDERED AND ADJUDGED that judgment be and is hereby entered for the defendant and that this cause be and it is hereby dismissed, with prejudice to the plaintiff, and the defendant shall be entitled to recover from the plaintiff such costs as shall be subsequently determined by this Court.”
Emmy Strauss’s subsequent Will revoked appellant’s bequest under the prior instrument and named the appellee as sole beneficiary of his mother’s estate.
The sole point for our consideration is whether the trial court erred in holding that the appellant-plaintiff had failed to sustain his burden of showing that an agreement to make irrevocable wills was entered into between Nathan and Emmy Strauss. Based upon the record before us, we are of the opinion that the proof presented by the appellant fell far short of establishing the existence of such an agreement by clear and convincing evidence. Hagan v. Laragione, Fla. 1967, 205 So.2d 289; Keith v. Culp, Fla.App. 1959, 111 So. 2d 278; and cases cited therein. Therefore, it is our view that the conclusion reached by the trial judge was amply supported by the record before him and no reversible error has been made to appear. Thus, the judgment herein appealed is hereby affirmed.
Affirmed.