PER CURIAM.
The final judgment in this cause is reversed with directions that, upon remand to the trial court, the excluded testimonial evidence be admitted and leave is hereby given for additional testimony to be taken at that time; a reevaluation of all the testimonial evidence shall be made at the close of the proceedings. Our decision is based upon our determination that the appellant-widow has sufficiently demonstrated that under the facts of the case, where there was no timely, proper objection, Section 90.602, Florida Statutes (1978),[1] does not preclude the admission of the heretofore-excluded testimony and further testimony, if such is deemed necessary. See Mathews v. Hines, 444 F.Supp. 1201 (M.D.Fla.1978); In re Bechtel’s Estate, 348 So.2d 927 (Fla.1977); Laragione v. Hagan, 195 So.2d 246 (Fla. 2d DCA 1967), affirmed 205 So.2d 289 (Fla. 1967); Allstate Insurance Company v. Doody, 193 So.2d 687 (Fla. 3d DCA 1967); Bordacs v. Kimmel, 139 So.2d 506 (Fla. 3d DCA 1962).
Reversed and remanded with directions.

. This section, commonly known as the “Dead-man’s Statute,” provides protection for the estates of the deceased and the insane by making certain interested persons incompetent to testify in an action against the estate regarding oral communications with the deceased or insane person; Section 90.602, as replacing repealed Section 90.05, is substantially a restatement of that section, and the same class of persons is protected.