PER CURIAM.
This is an eminent domain proceeding involving the City’s taking of appellant’s outside advertising signs. The signs were located on leased real estate which was the subject of a City condemnation proceeding. The parties agreed to a separate non-jury trial relating solely to the issue of compensation to the sign owner. The parties agree that the correct formula employed by the trial court was the cost of reproduction less depreciation and salvage value. The trial court entered a final judgment finding $1,500 to be the total compensation due for the advertising structures. On appeal, the sign owner contends the court erred by refusing to award interest and an amount representing overhead and profit. We find both of these arguments to be without merit. Although interest would have been an allowable element, there was never a request or even a mention of it in the pleadings, proof, argument, or post trial motions. The issue is thus not properly presented on appeal.
Appellant also asserts error in that the trial court employed a 50% depreciation figure. The evidence as to depreciation came from two witnesses. The sign owner’s expert testified to a 5% depreciation figure, and the City’s expert testified to a 50% depreciation figure. On motion of the sign owner, the court struck the testimony of the City’s expert on depreciation. The expert was shown to be unqualified to render an opinion. Upon striking of the 50% depreciation figure, the court was left with only the unrebutted testimony of the sign owner’s expert which was 5%. The court thus erred in employing the 50% depreciation figure. The judgment is vacated and the matter remanded to the trial court for further proceedings which shall include a recomputation of just compensation by use of a 5% depreciation amount.
REVERSED AND REMANDED.
DOWNEY and BERANEK, JJ., and GARRETT, EUGENE S., Associate Judge, concur.