DELL, Judge.
The guardian of Bessie Tapper, surviving spouse, appeals from an order of the trial court denying Mrs. Tapper’s timely election to take elective share.
In August, 1980, the Probate Court of Broward County admitted the 1976 will of the decedent, Saul Tapper, to probate. Mrs. Tapper timely exercised her election to take elective share. Appellees, the personal representatives of Mr. Tapper’s estate, after moving to strike Mrs. Tapper’s notice to take elective share, filed a motion to set aside widow’s election. In support of their motion they contended that Mrs. Tapper agreed to waive her right to elective share when the parties married in 1934 and asserted that she reconfirmed that agreement in 1943 when Mr. Tapper executed his first will. The Probate Court did not have the 1943 will before it when it considered appel-lees’ motion to set aside widow’s election.
None of the wills offered in evidence made any mention of an agreement by the parties to waive their respective elective shares. Appellees introduced no written contract by which Mrs. Tapper waived her elective share nor any written agreement *136 signed by Mrs. Tapper concerning succession. Appellees presented testimony from Mrs. Tapper’s sister and from an attorney, who apparently prepared and officiated at the execution of Mr. Tapper’s 1943 will. The trial court found that Mr. and Mrs. ( Tapper had entered into a valid and enforceable oral agreement wherein she waived her right to take against the estate and entered a summary judgment denying Mrs. Tapper’s election to take the elective share.
Appellant contends that the appellees failed to present sufficient evidence to establish a valid and enforceable agreement made prior to 1958 whereby Mrs. Tapper - waived her right to take an elective share ■ in the estate of her husband.
In his argument, appellee has assumed that the same rules of law apply to ' an oral agreement to make a will and to an oral agreement to waive the right to take against the estate. Today, the Florida Probate Code requires both a contract for will and a waiver of elective share to be in writing. §§ 732.701 «fe 732.702, Fla.Stat. (1981). An oral agreement to make a will may be enforced in Florida if the parties thereto entered into the agreement before , January 1st, 1958, and if the agreement is otherwise valid. Silianoff v. Silianoff, 399 So.2d 462 (Fla.2d DCA 1981); Keith v. Culp, 111 So.2d 278 (Fla.2d DCA 1959), cert. denied, 114 So.2d 5 (Fla.1959). Our research has disclosed no case holding that an oral waiver of rights may be enforced under similar conditions. However, this issue is not dispositive. Assuming oral waiver alleged herein to be enforceable under the rationale of Keith, appellees still must meet the minimum requirements of Horney v. Rhea, 152 Fla. 817, 12 So.2d 302 (1943). Under Homey, to establish any contract to waive the right to take against the estate, the personal representative bears the burden to show that the consideration was adequate; that the entire transaction was fair and equitable; and that the waiving party freely and voluntarily entered into the agreement with competent advice, full knowledge of her interest in the estate, and its approximate value.
The only direct evidence offered to show the existence of an agreement between the decedent and Mrs. Tapper prior to January 1st, 1958, was the deposition testimony of the attorney who prepared the 1943 will. Counsel for the estate asked him to describe the circumstances leading up to the making of this will. The attorney testified generally that Mrs. Tapper owned real estate which she did not want Mr. Tapper to receive and that she wanted her real estate to go to her own children. The testimony of Mrs. Tapper’s sister essentially confirmed that Mr. and Mrs. Tapper wanted their assets to go to their respective children. However, appellees failed to present any evidence which would establish that Mr. or Mrs. Tapper knowingly agreed to waive any rights of dower, curtesy or right to take an elective share. The record is also barren of any evidence which would establish that if such an agreement had been made, that it was made with competent advice and full knowledge of their respective interests in the other’s estate and the estate’s approximate value. The evidence submitted does not meet the requirements of Homey and it falls far short of the clear and convincing testimony necessary to establish an oral agreement to make a will, Simpson v. Ivey, 67 So.2d 687 (Fla.1953).
The record does not demonstrate sufficient evidence to support the trial court’s finding that Mrs. Tapper entered into a valid and enforceable oral agreement with respect to the distribution of Mr. Tapper’s estate. Accordingly, we reverse and remand this cause for further proceedings consistent with this opinion.
REVERSED and REMANDED.
GLICKSTEIN and WALDEN, JJ., concur.