BERANEK, Judge.
The personal representative of the estate of Frank J. Hannon filed a petition for construction of the fifth article of his last will and testament. The fifth article provided:
In the event my said wife survives me, then upon her' death, (or if she shall predecease me, then upon my death), I give, devise and bequeath ... 1,000 shares of Murray Ohio common stock, computed on the basis of present value, to Boca Raton Community Hospital to be used as the directors or trustees of said organization shall deem appropriate.[1] (Emphasis supplied.)
The testator held in excess of 60,000 shares of Murray Ohio stock at the time the will was executed on February 16, 1968. Between the execution of the will and the testator’s death on November 30, 1971, the stock split twice, once in a two-for-one split and once in a three-for-two split. Subsequent to the death of the testator, three stock dividends were declared, two being 4% stock dividends in 1972 and 1973 and one being a 50% stock dividend in 1977. As a result of the stock splits and stock dividends, the original 1,000 shares each of Murray Ohio stock bequeathed in the fifth article now represent 4867.2 shares of stock.
The personal representative alleged that it had allocated 1,000 shares to each of the named charitable beneficiaries on the federal estate tax return, rejecting an interpretation of the will which would include stock splits or stock dividends after the execution of the will. The personal representative interpreted “present value” as indicating an intention to devise a fixed value as known to the testator when he executed the will.
At trial, the hospital and church took the position that they were entitled to 1,000 shares each, plus stock splits and stock dividends. The residual beneficiaries took the position that the church and hospital were to be distributed 1,000 shares, without stock splits or stock dividends. The trial court entered a final judgment finding that the testator had intended the hospital and church to be beneficiaries of 1,000 shares of stock each, plus all stock splits and stock dividends occurring from the date of his will to the date of the death of his wife which was the date the bequest vested. The court found that each of the charities was entitled to 4,876.2[2] shares, or its value of $95,573.52. The residual beneficiaries appeal contending that the trial court erred in finding that the church and hospital were entitled to the stock splits and stock dividends. We agree and reverse.
The only witness at the hearing was Leo Fox, the attorney who prepared the will. Fox testified that the language “1,000 shares computed on the basis of present value” was placed in the will in order to clearly indicate that the testator wished to bequeath 1,000 shares of stock to each beneficiary at the stock’s value ($35.00 per share) on the date the will was executed, thus giving each charity $35,000. The trial court totally ignored this testimony although it was uncontradicted and the only testimony heard. The trial court cannot arbitrarily ignore unrebutted testimony. See Ackerly Communications, Inc. v. *1029 City of West Palm Beach, 427 So.2d 245 (Fla. 4th DCA 1983), and Laragione v. Hagan, 195 So.2d 246 (Fla. 2d DCA 1967). The court erred in this regard. The matter is thus remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HERSEY, J., concurs.
LETTS, J., concurs specially.

. A similar additional provision provided for 1,000 shares to a specifically named church.

. All parties agree that this is a clerical error and the correct amount is 4867.2 shares.