PER CURIAM.
The wife appeals from a final judgment of dissolution contending that the trial court erred by failing to grant her a special equity interest in the marital home. We agree and reverse.
The parties were married in February, 1978, and separated in March, 1981. Trial testimony showed that the wife bought a house for $26,950 under a contract for deed in 1973. Her parents took title to the home because of her inability to obtain credit, and assisted her in making a down payment of $1,500.
In October, 1978, the wife’s parents transferred their equity interest in the home to their daughter and son-in-law. According to the father, the transfer was made to enable his daughter to obtain a more favorable payment schedule by refinancing the home. He testified that while the husband’s credit was needed to obtain the mortgage, the refinancing was not necessary to save the house.
*937 During the marriage the husband assisted in making the monthly mortgage payments and also contributed both labor and funds toward various home improvements. The wife alone has been making mortgage payments since the parties separated in March, 1981. She has also paid $1,200 from her own funds to satisfy a second mortgage the parties assumed to cover closing costs when the home was refinanced.
The critical fact issue relevant to this appeal is whether the wife paid part of the purchase price for the marital home from her separate funds, thereby entitling her to a special equity interest in the marital home. The trial court apparently concluded that the property was not acquired by funds unconnected to the marriage, as it granted partition of the home on the theory that “[o]nly the husband’s credit allowed the home to be saved.” This finding, however, is not supported by substantial competent evidence.
Unrefuted testimony at trial showed that the wife and her family made the down payment on the home, made mortgage payments both before and after the marriage, and paid off the second mortgage without assistance from the husband. The trial court may not ignore such unrebutted testimony. See Ackerly Communications, Inc. v. City of West Palm Beach, 427 So.2d 245 (Fla. 4th DCA 1983). Although the husband testified that he “thought” the family was in danger of losing the property unless they obtained refinancing, the record is devoid of any evidence showing that the husband had personal knowledge of this fact. Consequently, his testimony is nothing more than speculation. Moreover, even if the record contained competent evidence showing that the husband’s credit saved the house, we do not believe that fact would affect the wife’s entitlement to a special equity interest in the home. It is clear that she paid for the home and, therefore, she is entitled to reimbursement for that effort.
Accordingly, we reverse the order granting partition of the home and remand with instructions to enter an order reflecting the wife’s right to an automatic one-half share plus a special equity interest in the home equal to one-half the ratio which her contribution bears to the entire consideration. Landay v. Landay, 429 So.2d 1197 (Fla. 1983); Starcher v. Stancher, 430 So.2d 991 (Fla. 4th DCA 1983).
REVERSED and REMANDED.
LETTS and HURLEY, JJ., and VO-CELLE, L.B., Associate Judge, concur.