534 So.2d 736 (1988)
REPUBLIC NATIONAL BANK OF MIAMI, N.A., a National Banking Association, Appellant,
v.
Joaquin C. ROCA, Etc., Appellee.
No. 88-822.
District Court of Appeal of Florida, Third District.
October 25, 1988.
Rehearing Denied December 20, 1988.
*737 Paul, Landy, Beiley & Harper, P.A., and Ricardo A. Banciella, Miami, for appellant.
Michael Lechtman, North Miami Beach, for appellee.
Before BARKDULL, DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
Republic National Bank appeals from a final judgment entered in favor of Joaquin Roca as director/trustee of Cibeles Jewelry Group, Inc., a dissolved Florida corporation. We reverse.
The underlying dispute giving rise to this appeal involved an international sales transaction between a Spanish jewelry merchandiser and Cibeles. Cibeles contracted to purchase jewelry from the merchandiser in Spain. The sales contract provided that the jewelry would be flown to Miami and that, prior to obtaining the jewelry from the carrier, Cibeles would sign a 90-day draft drawn by the Spanish merchandiser. Upon receipt of the accepted draft, Republic would release the shipping documents to its customer, Cibeles, which would then present the documents to the carrier in exchange for the jewelry.
The shipment of jewelry, however, arrived in Miami while the draft and shipping documents were en route to Republic. Because Roca desired to pick up the jewelry immediately, Republic issued a letter of guaranty which Roca signed, agreeing to "accept all responsibility for the issuance of this guaranty." Roca presented the letter to the carrier and obtained the jewelry but subsequently declined to accept the draft, claiming partial nonconformance of goods. Upon threat of suit from the merchandiser's bank in Spain, Republic paid the balance owed to the merchandiser's bank and debited Cibeles's account.
Roca sued Republic for, inter alia, breach of deposit agreement. Republic raised as an affirmative defense that the debit was authorized under the terms of the guaranty. The trial court excluded expert testimony proffered by Republic to show that it was local banking practice to issue letters of guaranty in international sales transactions and that Republic properly relied on the terms of the guaranty to debit its customer's *738 checking account. Final judgment was entered in favor of Roca.
We reversed the trial court's order on final judgment and remanded with directions for the trial court to receive the expert testimony which was intended to elucidate the meaning of the ambiguous phrase concerning responsibility. Roca v. Republic Nat'l Bank, 512 So.2d 1044 (Fla. 3d DCA 1987). Upon remand, the trial court heard unrebutted expert testimony establishing that such guaranties customarily substitute for drafts and shipping documents and serve to protect the bank against claims that might arise from its authorizing goods to be released prior to obtaining acceptance of the accompanying draft. For reasons not apparent to this court, the trial court rejected the uncontroverted evidence and again entered judgment for Roca.
A trial court cannot arbitrarily reject unrebutted testimony. In re Estate of Hannon, 447 So.2d 1027 (Fla. 4th DCA 1984); see also Ackerly Comm., Inc. v. City of West Palm Beach, 427 So.2d 245 (Fla. 4th DCA 1983). Where the testimony adduced is not "essentially illegal, contrary to natural laws, inherently improbable or unreasonable, opposed to common knowledge, or inconsistent with other circumstances in evidence," Laragione v. Hagan, 195 So.2d 246 (Fla.2d DCA), rev'd on other grounds, 205 So.2d 289 (Fla. 1967), it should not be disregarded but accepted as proof of the issue. Florida East Coast Ry. v. Michini, 139 So.2d 452 (Fla. 2d DCA 1962), cert. discharged, 152 So.2d 171 (Fla. 1963). We hold, therefore, that the trial court erred in entering final judgment in favor of Roca. The final judgment is reversed, and the cause is remanded with directions to enter final judgment for Republic.
Reversed and remanded with directions.