GRIFFIN, J.
This is the appeal of a final judgment of foreclosure. The Appellants, Thomas and Carol Fasanaro [“Fasana-ros”], raise two issues. The first is an evidentiary issue concerning the admission of loan histories and payment records obtained by Appellee from its predecessors in interest without proof establishing the reliability of the predecessor’s records. We conclude that, even if the payment records were improperly admitted, the error would be harmless. The Fasanaros, through their accountant, did not dispute the amount of the mortgage, and admitted the principal balance due on the loan and the amount of the payments which they had made since that date for which they claimed credit.
The substantive dispute concerns how the payments made by the Fasanaros should have been applied and, in particular, whether the Fasanaros were entitled to immediate credit for excess partial payments or whether these excess partial payments could be held by the mortgagee until a full payment had been received. The Fasanaros contend that it was unfair for Appellee and its predecessors in interest to hold their partial excess payments in “suspense” until a full payment had accrued, rather than give them credit immediately. The mortgage is silent on this issue, except to say that the failure to make a partial payment “whole” prior to the next due date is an event of default. Appellee offered evidence that it is the mortgage servicing industry practice to hold partial payments in “suspense” or abeyance until a full payment has accrued. We have not been cited any authority on the propriety of this practice, and we have found none. We think there is some logic to the Fasanaros’ contention that monies should be credited when received, but, giv *105 en the evidence, the trial court did not err in accepting the Appellee’s method of handling partial excess payments. See Republic Nat’l Bank v. Roca, 534 So.2d 736 (Fla. 3d DCA 1988). When the monies received from the Fasanaros are applied in this fashion, the Fasanaros were in default, and the mortgage properly foreclosed.
AFFIRMED.
SHARP, W., and SAWAYA, JJ„ concur.