CORTIÑAS, J.
 

 940 Lincoln Road Enterprises (“Employer”) seeks review of the Florida Unemployment Appeals Commission’s (“FUAC”) final order reversing an appeals referee’s decision and determining that Margarita Hernandez (“Claimant”) is entitled to receive unemployment benefits. We affirm.
 

 Claimant was employed by Employer from August 2006 until March 12, 2010, when she left her job. When Claimant subsequently applied for unemployment compensation, her claim was denied on the ground that she voluntarily quit her employment. Claimant appealed this decision and the matter was referred to an appeals referee.
 

 At the hearing before the referee, Claimant asserted that she left her job because she was sexually harassed by Employer’s owner. She repeatedly asked the owner to stop this conduct, and complained to her immediate supervisor, all to no avail. Claimant remained on the job because she had a small child and needed the income. However, when the situation got worse, she could no longer tolerate the owner’s conduct and she finally quit.
 

 Employer did not participate in the hearing; consequently, Claimant’s testimony was unrebutted. Nevertheless, the appeals referee concluded that Claimant was disqualified from receipt of benefits because she left voluntarily without good cause attributable to Employer. Apparently, the appeals referee rejected' the claim because Claimant did not complain to the police or seek medical or psychological attention as a result of the harassment.
 

 Claimant appealed the referee’s decision to FUAC. As it is statutorily authorized to do,
 
 see
 
 § 120.57(1)(i), Fla. Stat. (2009), FUAC adopted the referee’s findings of fact, but rejected the conclusion that Claimant was disqualified from receiving benefits. FUAC reasoned that:
 

 “There is no evidence to support the referee’s conclusion that victims of sexual harassment frequently go to the police to complain about a hostile work environment or seek psychological or medical treatment. Additionally, sexual harassment can continue for several years before the victim makes public her complaint.... Considering a job is usually a person’s economic lifeline, the claimant’s failure to contact outside authorities regarding her complaint cannot be called unreasonable or inherently improbable.”
 

 We agree with the FUAC.
 

 In addition, it is important to note that Claimant’s testimony was uncontro-verted. Uncontroverted testimony which is not illegal, inherently improbable or unreasonable, opposed to common knowledge, or contradictory within itself, should not be disregarded by the trier of facts.
 
 See MediTek Therapy, Inc. v. Vat-Tech, Inc.,
 
 658 So.2d 644, 646 (Fla. 2d DCA 1995);
 
 Republic Nat’l Bank of Miami, N.A. v. Roca,
 
 534 So.2d 736, 738 (Fla. 3d DCA 1988).
 

 For these reasons, we affirm the FUAC order reversing the referee’s decision, and finding that Claimant was qualified to receive benefits because she left her employment with good cause attributable to the employer.
 

 Affirmed.